TUFTS v. VERKUYL

1. SALE—WARRANTY—PAROL EVIDENCE.

In an action on a written contract of sale, the admission of evidence of a verbal warranty such as would be implied from the contract itself,—e. g., that the property was suitable for the purpose for which it was bought,—is not error, since it does not change the terms of the writing.

2. WITNESSES—EXPERTS—COMPETENCY.

Where it is shown that a witness has used soda fountains for 20 years, knows how to set them up, and is acquainted with their methods of working, he is properly allowed to testify as an expert as to why a particular fountain failed to work.

Error to Ottawa; Padgham, J. Submitted April 10, 1900. Decided May 18, 1900.

*Assumpsit* by James W. Tufts against John Verkuyl for goods sold and delivered. From a judgment for defendant, plaintiff brings error. Affirmed.

Defendant gave plaintiff an order for a second-hand soda fountain; price $150; $25 to be paid on delivery, and balance to be paid in monthly sums, with interest at 6 per cent. from date of shipment. The fountain was shipped, but would not work. Plaintiff was notified. Defendant sent the apparatus to plaintiff's agent at Detroit, who examined and returned it, but still it would not work.

Defendant finally shipped the fountain to the plaintiff at Boston, and refused to give the note required by the contract. Defendant gave notice that the fountain was sold under a warranty, and that it was defective and worthless. This suit is for the balance of the purchase price, $125. Verdict and judgment for the defendant.

*Herbert Taft Root*, for appellant.

*George A. Farr*, for appellee.

GRANT, J. (*after stating the facts*). 1. There was an implied warranty that the fountain was suitable for the purpose for which it was bought. *Walter A. Wood Mowing & Reaping Machine Co.* v. *Gaertner*, 55 Mich. 455 (21 N. W. 885); *Little* v. *G. E. Van Syckle & Co.*, 115 Mich. 480 (73 N. W. 554); *Blodget* v. *Detroit Safe Co.*, 76 Mich. 538 (43 N. W. 451). Evidence of a verbal warranty, such as would be implied by the contract itself, did not change the terms of the written instrument, and it was not error to admit it.

2. One Hutty put up the fountain, and was allowed to testify what, in his judgment, was the trouble with it. This was objected to upon the ground that witness was not shown to be qualified. Witness had testified that he had been in the soda-fountain business 20 years, and was acquainted with them,—with setting them up, and with their method of working. This was sufficient to justify the admission of the testimony.

3. Several errors are assigned upon the charge of the court and the refusal to give some of plaintiff's requests. We find no error in the rulings. The charge contained a clear, concise, and correct statement of the law governing the case, which it is unnecessary here to repeat. It is familiar to the profession.

Judgment affirmed.

The other Justices concurred.