HALLWOOD CASH-REGISTER CO. *v.* MILLARD.

1. SALE—WRITTEN CONTRACT—WARRANTY—PAROL EVIDENCE.

A warranty cannot be added by parol to a written contract which upon its face purports to contain the whole agreement of the parties.

2. SAME—FRAUD AND DECEIT.

Hence, in an action for the price of a cash register sold on written contract, evidence that, as an inducement to the purchase, it was represented to defendant that the machine could not be manipulated to his prejudice, which representation proved to be untrue, is inadmissible to supply a warranty to the contract and establish its breach, though it may, under proper notice, be received in support of a claim of fraud and deceit in the sale.

3. SAME—OFFER OF PROOF.
    In this case, however, defendant's offer of testimony is *held* not
    to embrace a claim of fraud and deceit.

Error to Kent; Wolcott, J. Submitted April 4, 1901.
Decided July 2, 1901.

*Assumpsit* by the Hallwood Cash-Register Company
against Baltis L. Millard for the price of a cash register.
From a judgment for plaintiff, defendant brings error.
Affirmed.

*M. L. Dunham*, for appellant.

*J. Byron Judkins* and *N. J. Brown*, for appellee.

HOOKER, J. The defendant has brought error upon a
judgment rendered against him for the price of a Hall-
wood cash register. This is a device designed to receive
cash paid for purchases, and, at the same time that it
registers the amount, exhibit to the purchaser the amount
thereof. The plaintiff produced a written order substan-
tially like that in the case of *National Cash-Register Co.*
v. *Blumenthal*, 85 Mich. 465 (48 N. W. 622), and proved
its execution, and the delivery of the machine, and a re-
fusal to pay. The defendant admits the foregoing, and
by way of defense offered to show that, at the time the
writing was signed, plaintiff's agent stated, by way of
inducement to his giving the order, that the machine was
one that could not, by any means or system, be manipu-
lated so as to register incorrectly, by any clerk or other
person, and could not be so worked as to show the
purchaser one figure and register another, and that, if de-
fendant would purchase one, it would be a full protection
to him against any dishonest employé. The proof shows
that the machine does not conform to such representation.
It appeared that a few days after the purchase, up to
which time the machine had worked satisfactorily and
accurately, an agent for the National Cash-Register Com-
pany, a competitor of the plaintiff, called upon the defend-

ant, and after telling him that the machine could be beaten, showing him how to do it, and advising him. to rescind the contract, sold him a National cash register, and defendant took the usual steps to rescind the contract for the Hallwood machine. Upon the trial he sought to show by parol the representations alleged to have been made by plaintiff's agent; but they were excluded by the court upon the ground that the contract was in writing, and could not be altered or added to by parol, and that, in the absence of fraud, such testimony could not be received.

The general rule is as stated by the court. Warranties cannot be added by parol to written contracts which upon their faces purport to contain the whole agreement of the parties. The authorities are considered in the case of *McCray Refrigerator Co.* v. *Woods*, 99 Mich. 269 (58 N. W. 320, 41 Am. St. Rep. 599), and the recent case of *Little* v. *G. E. Van Syckle & Co.*, 115 Mich. 480 (73 N. W. 554), which recognize the existence of implied warranties in written as well as oral contracts. See, also, *Tufts* v. *Verkuyl*, 124 Mich. 242 (82 N. W. 891). It cannot be claimed that a warranty such as defendant's counsel sought to prove can be implied.

It was competent, however, under the pleadings in this case, to show that the purchase was induced by deceit, and there was some testimony from which it might have been inferred, had the court permitted and counsel been able to prove the representations alleged. It follows that the judgment should be reversed for this reason, unless the conduct of the case was such as to forbid. Defendant's counsel asserts that the offer to prove fraud and deceit was made upon the trial. The question was raised, if at all, upon the offer to prove the representations. The substance of what occurred is as follows:

"*Q.* What was the conversation you had with him?

"*Mr. Judkins:* I object to that as immaterial and irrelevant. The contract is the best evidence of the arrangement. Also incompetent.

"*Mr. Dunham:* The contract is the best evidence as far as it goes, but that is not all there is of it.

"*Mr. Judkins:* The contract goes the full length. In a case it has been decided by the Supreme Court, in 85 Mich., that that contract cannot be modified by parol testimony.

"*The Court:* I suppose under your opening statement, Mr. Dunham, you seek to show that there were some oral representations of warranty made contemporaneously with the making of the written agreement, whatever it was?

"*Mr. Dunham:* Yes; that is what I seek to show; which was the inducement for his signing it,—a statement made with reference to this machine. Now, if your honor has any question about it, I will submit the authorities.

"*Mr. Judkins:* It has been expressly held against it, and we have an authority in 85 Mich., a case exactly like this, on the same kind of contract.

"*The Court:* We might as well dispose of that question now.

"*Mr. Brown:* I want the court to take this contract and compare it with the one in 85 Mich. As my associate has stated, if your honor please, we claim this is incompetent. This is the case of *Blumenthal* v. *The National Cash-Register Company*, that I spoke about some time ago.

"*The Court:* Where is it reported?

"*Mr. Brown:* 85 Mich. p. 464.

"*Mr. Dunham:* What I propose to do is to show other things that were said concerning the machine. I propose to show that the agent stated to him what this would do, and what could not be done with it. It in no way varies the contract, because the contract is absolutely silent upon that proposition. If there was anything in there about it, then we could not produce parol evidence; and that is the trouble with their 85 Mich. Now, I submit that the question here is this: I am not seeking to change this contract, but I propose to show what was said by the agent that induced him to make that contract, and what he said about the machine, and I say that is what the authorities all hold. But, just as soon as you offer proof that will change the contract itself, you cannot do it.

"*The Court:* I was going to ask you, Mr. Dunham, if you would contend, under these authorities, that a parol warranty in relation to the machine might be added to such a contract as this,—a written contract.

"*Mr. Dunham:* Yes, your honor.

"*The Court:* A parol warranty?

"*Mr. Dunham:* Yes, your honor. Now, see what the court says. This may not answer your honor's question, but in this case it is permitted to be done, and the Supreme Court affirmed the case, and that is why I say this case answers your honor's proposition. (Reading from report.)

"*The Court:* That case, it seems to me, is a little aside from the question here. I concede that in the sale of any instrument there would be an implied warranty that it was reasonably fit for the purpose intended, where sold for a specific purpose. And that case seems to hold that it was claimed the written agreement excluded any implied warranty, and the court held that could not be done.

"*Mr. Dunham:* What I propose to show by this witness,—I say there is no authority in Michigan contrary to that,—that what was said as to what could be done with this machine, explaining what the machine was, and the representations made that caused him to sign that order, are admissible. That is the position I take. I think I have read cases here that expressly held that in just that many words; because this I propose to show does not change or vary what is in the contract. But now, if the contract expressed anything about what this machine would do, they would be bound by it, because they have attempted—. Where they attempted to say something in the contract, it is assumed that was all on the subject; but, where they say nothing on the subject, it is simply supplementing the contract, and is admissible. A number of cases hold that.

" *The Court:* I understand Mr. Dunham's claim is that the representation was made as to what the machine would do as an inducement to the making of the contract of sale.

"*Mr. Dunham:* That is the proposition.

" *The Court:* It seems to me, as the matter stands at present, this contract must be held to contain the agreement between the parties, in the absence of fraud and mistake. I think there is of necessity an implied warranty with the sale of a machine that it is fit for the purpose for which a cash register is intended; but whether this testimony that is sought to be called out here touches what would be an implied warranty of the machine or not the court is not advised. I think the case in 85 Mich. fairly construes that kind of a contract. Although the matter that was offered there was clearly incompetent, yet at the same time what the court say in relation to this particular contract is, in substance, that it contained the agreement

between the parties, and in fact states that it does, although that would not be necessarily conclusive. I think the objection will have to be sustained.

"*Mr. Dunham:* I just want to get it on record. I offer to prove by this defendant what statements were made by the plaintiff to him about how the machine would work, what it would do, and that it could not be 'manipulated' by a user so as to cheat and defraud him, and all representations made by the company—the plaintiff—to him that caused him to sign the contract offered in evidence. I make that offer.

"*The Court:* You offer that in the nature of a warranty, on which the defendant relied in making the purchase, I suppose?

"*Mr. Dunham:* Well, I did not say that. That might be the effect of it. Whether it is in the nature of a warranty or not, it is simply what this machine would do. I will offer, in the same connection, to show by defendant that he relied upon these representations, and by reason of those representations that he purchased this machine.

"*The Court:* I will sustain the objection."

It is obvious that the court was ready to try the question of deceit if it was in the case, and that he was fully justified in understanding that no such claim was made. This being the only ground of error assigned so far as the trial is concerned, we are of the opinion that the judgment should not be reversed for such reason.

Error is assigned upon the denial of a motion for a new trial; but we think the reasons given by the learned circuit judge for such order are justified by the record, and show that his ruling was not erroneous.

The judgment is affirmed.

The other Justices concurred.