JOHN E. COLLETTE *vs.* EARL G. PAGE.

JULY 1, 1921.

PRESENT: Sweetland, C. J., Vincent, Stearns, Rathbun, and Sweeney, JJ.

*(1)   Automobile.   Liability of Bailor to Third Person.*

One keeping automobiles for public hire, who lets an automobile to a person to run, which he knew or by the exercise of reasonable care should have known was in an unsafe condition on account of loose bolts, thereby rendering the automobile ungovernable while being driven on the highway is responsible for damage caused to a third person on the highway by the automobile, subject to the rules relating to proximate cause and contributory negligence.

TRESPASS ON THE CASE for negligence.   Heard on exception of plaintiff and sustained.

SWEENEY, J. This is an action of trespass on the case for negligence on account of a collision between the automobiles of the plaintiff and the defendant. Demurrer to the amended declaration was sustained by a justice of the Superior Court and the plaintiff has brought the case to this court by his exception.

The declaration contains three counts and the third one avers that the defendant was the keeper of a public garage, letting automobiles for public hire in said city; that he, or his servant, negligently rented or let an automobile to a person full well knowing, or by the exercise of reasonable care and diligence should have well known, that the same was in a bad, unsafe, and dangerous state of repair on account of some bolts being loose, which ordinarily made the radius rod of said automobile secure, so that, while it was being driven by said person on a public highway in said city, it became ungovernable and a menace to the safety of the public and ran into the automobile of the plaintiff, then being driven upon said highway, and damaged it.

The facts are not fully set forth in the first and second counts because it does not appear in either of them whether the defendant, his agent or a bailee was operating the automobile at said time.

The defendant filed three grounds of demurrer to the declaration claiming (1) that the facts stated gave rise to no duty from the defendant to the plaintiff; (2) that an automobile is not an imminently dangerous article, and no privity of contract existed between the defendant and the plaintiff; and (3) that it is not alleged that the defendant actually knew of the defective condition of the automobile.

The dermurrer was sustained under authority of the case of *McCaffrey* v. *Mossberg Mfg. Co.*, 23 R. I. 381, in which this court held that the maker of a machine, which he sold to another, is not liable to a third person for injuries received by him arising from negligence in the construction of the machine; because the machine was not imminently dan-

gerous nor was its maker guilty of deceit or fraud in selling it having knowledge of its defect. In so holding, the court said, on page 386, "The third class of cases relating to the sale of a thing not in its nature dangerous rests on the principle that as to such things there is no general or public duty, but only a duty which arises from contract, out of which no duty arises to strangers to the contract."

· In the case at bar, the function of the radius rod is not alleged in either of the counts but it was stated in argument that it is an important part of the steering gear of the automobile. The case has been argued upon the assumption that the defendant's automobile was in charge of an independent bailee.

This court has held that an automobile is not an instrumentality dangerous *per se* so as to make the owner liable for injuries resulting from the negligence of his servant while driving the automobile for his own pleasure and not upon the owner's business; *Colwell* v. *Ætna Bottle & Stopper Co.*, 33 R. I. 531; but it is obvious that it may become a dangerous instrumentality when driven upon a public highway in a reckless or negligent manner, or when it has inadequate brakes or its direction cannot be controlled by the steering gear; and it has been held that an automobile may be so out of repair as to be a dangerous instrumentality. *Texas Co.* v. *Veloz*, 162 S. W. Rep. 377.

Trouble with the steering gear is a difficulty feared by every motorist as it leaves him helpless and, even though the automobile is traveling at a moderate speed, is likely to cause serious injury to the occupant of the automobile, to say nothing of those on the road. The Law Applied to Motor Vehicles, Babbitt, Sec. 226.

In order to give some protection to persons using the public highways, safety appliances on motor vehicles are required by statute in nearly all of the states. Apart from any statute, the law requires care in all things pertaining to the efficiency of the engine and equipment, and the means by which both may be controlled. Babbitt, *supra*, Sec. 229.

The statute of this State, Chapter 86, Gen. Laws, 1909, requires, among other things, that every motor vehicle while in use on the public highways shall be provided with adequate brakes.

In the case of *MacPherson* v. *Buick Motor Co.*, 217 N. Y. 382, Ann. Cases, 1916C, 440, in a carefully written opinion by CARDOZO, J., the court held that, "The manufacturer of an automobile is liable to a purchaser thereof from a dealer for injuries caused by a defective wheel, the defects in which could have been discovered by reasonable inspection, though the wheel was purchased by the automobile manufacturer from the maker thereof." In discussing the rule relating to the liability of the manufacturer of an article, which by reason of a defect therein, discoverable by reasonable inspection, is a source of peril to the user thereof and renders the manufacturer liable to the ultimate purchaser for an injury resulting from the defect, the court says, "If the nature of a thing is such that it is reasonably certain to place life and limb in peril when negligently made, it is then a thing of danger. Its nature gives warning of the consequences to be expected. If to the element of danger there is added knowledge that the thing will be used by persons other than the purchaser, and used without new tests, then, irrespective of contract, the manufacturer of this thing of danger is under a duty to make it carefully."

"Beyond all question, the nature of an automobile gives warning of probable danger if its construction is defective. This automobile was designed to go fifty miles an hour. Unless its wheels were sound and strong, injury was almost certain."

"Precedents drawn from the days of travel by stage coach do not fit the conditions of travel today. The principle that the danger must be imminent does not change, but the things subject to the principle do change. They are whatever the needs of life in a developing civilization require them to be."

The bailor, by the bailment, impliedly warrants that the thing hired is of the character and in a condition to be used as contemplated by the contract, and he is liable for damages occasioned by the faults or defects of the article hired. 7 Am. & Eng. Encyc. of Law, 2nd Ed., 306 bb.

Whenever a garage keeper lets a vehicle for hire to a customer, it becomes his duty to exercise that degree of care and skill in the selection of the vehicle he sends out which a prudent man, having regard of the circumstances or the occasion, would bestow upon such a matter. Babbitt, *supra*, Sec. 522.

It has been held that he is liable to the hirer of an automobile for injuries which happen by reason of defects in the automobile which might have been discovered by a most careful and thorough examination. *Denver O. & C. Co.* v. *Madigan*, 21 Col. App. 131.

The right to use the highways must be exercised so as not to endanger the lives or property of others who have equal rights upon them. *Bennett* v. *Lovell*, 12 R. I. 166.

Automobiles are in constant use upon the public highways and a garage keeper, who lets automobiles for hire, owes a duty to the public to the extent that he is bound to use ordinary care to see that the automobile he lets to be operated upon the public highways has its steering gear in a reasonably safe condition, as injuries to other persons lawfully using the highways is reasonably to be foreseen as the probable result of a defective steering gear.

If the defendant operated his own automobile with a defective steering gear upon the public highway when he knew, or, in the exercise of reasonable care, should have known of such defect, and a third person was injured as the direct and proximate result of said defect, he would be liable to such third person; and it would be anomalous to hold that, because he let said defective automobile to a bailee for hire for use upon the public highway and while it was being so used, such third person was injured as the direct and proximate result of said defect, he would not be liable.

The defect alleged in the declaration is not in the construction of the radius rod but negligence in permitting some bolts ·to be loose which ordinarily made it secure, thereby rendering the automobile ungovernable while being driven upon the public highway. On demurrer these allegations are taken to be true and for damage resulting therefrom the bailor should be held responsible, subject to the rules relating to proximate cause and contributory negligence.

The plaintiff's exception is sustained, the demurrer is overruled, and the case is remitted to the Superior Court for further proceedings.

*William A. Gunning,* for plaintiff.
*Cushing, Carroll & McCartin,* for defendant.