## REYNOLDS v. AMERICAN FOUNDRY & MACHINE CO.

No. 7697.   Decided January 8, 1952.   (239 P. 2d 209.)

See 8 C. J. S., Bailments, sec. 39. Injury to workman from breaking of chain. 35 Am. Jur., Master and Servant, sec. 501.

*McKay, Burton, McMillan & Richards*, Salt Lake City, for appellant.

*Wilkinson & Smoot*, Salt Lake City, for respondent.

HENRIOD, Justice.

Appeal from a judgment entered on a $5000 verdict for injuries to plaintiff's hand, allegedly caused when a defective chain belonging to defendant broke. The judgment is affirmed, with costs on appeal to plaintiff.

Defendant claims it had no duty to inspect the chain since it was purchased from a reliable manufacturer, and

assails the giving of certain instructions and failure to give others. We consider these contentions untenable for reasons stated hereinafter.

In 1937, in changing its furnace, defendant bought a large transformer containing a 6-ton core. One Silver contracted the installation and in connection therewith, suggested that a chain and block be purchased to hoist the core should that become necessary for repairs. He recommended a particular national manufacturer, but defendant secured it from another national concern. When the chain was delivered, Silver looked it over, noticed that it had a 6-ton manufacturer's rating but made no further inspection or test, nor did he indicate that it was unsatisfactory in any way. It was stored and idle until 1948, when a breakdown in the transformer required its use. Silver was called in on a contract basis to make the emergency repairs, using plaintiff and several other of his employees together with several of defendant's. Mr. Bockman, one of defendant's experts, was consulted, he and Silver jointly directing the job, including raising and lowering of the core. Neither inspected the chain nor submitted it to a weight proof test before use, nor did anyone else. If such test had been given, according to the record, it would have contemplated the lifting of double the weight rated by the manufacturer. The chain was attached to the core, which was raised and actually held suspended in midair for 48 hours, when a defective link separated, causing plaintiff's injuries. The core weighed 160 pounds less than the rated 6 tons, making obvious the fact that the chain would have broken had it been subjected to the weight proof test.

The record makes it clear that defendant supplied Silver with the chain purchased for the hoisting of the core, for use by plaintiff and others in accomplishing a business purpose of the defendants,—that of effecting emergency repairs to its plant.

In such event, the authorities uniformly call for a higher standard of care from a supplier of chattels than is required of one who furnishes the chattels gratuitously and not for his own business purposes. The supplier is required to employ reasonable care in discovering any dangerous character or condition thereof. The rule is more ably stated in the Torts Restatement[1] and is illustrated in the Comment and examples thereunder. It is accepted by many authorities[2], and we subscribe to such doctrine. The rule is the same even though the chattel was purchased from a reputable firm. We believe that the jury was justified in resolving the facts, including failure to inspect or test the chain, in favor of the plaintiff, under instructions substantially incorporating the elements of the rule.

WOLFE, C. J., and WADE, McDONOUGH, and CROCKETT, JJ., concur.

---

[1] "§ 392. Chattel Dangerous For Intended Use. One who supplies to another, directly or through a third person, a chattel to be used for the supplier's business purposes is subject to liability to those for whose use the chattel is supplied, or to those whom he should expect to be in the vicinity of its probable use, for bodily harm caused by the use of the chattel in the manner for which and by persons for whose use the chattel is supplied:

"(a) * * *

"(b) if the supplier's failure to give to those whom he should expect to use the chattel the information required by the rule stated in § 388 is due to his failure to exercise reasonable care to discover its dangerous character or condition."

[2] 44 A. L. R. 1048; *Hilleary* v. *Bromley*, 146 Ohio St. 212, 64 N. E. 2d 832.