## PETERSEN V. ALKEMA, et ux.

No. 7868.   Decided Sept. 26, 1953.   (261 P. 2d 175.)

*Ray S. McCarty,* Salt Lake City, for appellant.

*Samuel C. Powell, Derrah B. Van Dyke,* Ogden, for respondents.

McDONOUGH, Justice.

Appeal from a judgment entered pursuant to an order granting defendants' motion for summary judgment against plaintiff and in favor of defendant. The material facts deduced are uncontradicted.

Defendants owned and operated a fruit farm near Ogden, Utah. During the harvest season transient workers were often hired by defendants to pick fruit. Such workers were usually recruited from an Ogden employment office early every morning and were returned to town after completion of the day's work. The growers furnished picking buckets and standard eight-foot, three-legged picking ladders from which the pickers operated. On the 24th of July, 1951, defendants hired five men, one of whom was plaintiff, to pick apricots. The workers were told to "pick out a row of trees and a ladder and go to work." Plaintiff selected a particular row of trees, took the ladder standing in the row, and began picking. Plaintiff stated that before beginning work he set the ladder up and shook it to make sure it was tight, would not tip over, and was not "rickety." Some time later, after plaintiff had picked thirty-two bushels of apricots and while picking his last bushel for the day, the ladder collapsed and plaintiff was injured in the fall.

Plaintiff sues claiming that defendants were negligent in not supplying safe tools with which their employees worked and in failing to administer proper first aid after the accident. There being no material controversy over

these facts, the question becomes whether, as a matter of law, the plaintiff could not recover under these circumstances, with the most favorable inferences of fact, so as to justify the summary judgment.

In the case of *Proctor* v. *Town Club, Inc.*, 105 Utah 72, 141 P.2d 156, we held that a ladder is a simple tool within the meaning of the simple tool doctrine, which is in accordance with the majority view among the states.[1] It was under this holding, undoubtedly, that the lower court granted defendant's motion for a summary judgment. However, the mere fact that a ladder is classified as a simple tool does not exonerate the employer from liability under the simple tool doctrine.

"* * * It does not necessarily follow that because tools or appliances are simple the servant for that reason, and under all circumstances, assumes the risk as a matter of law. The law imposes a duty on the master to furnish and provide his servants with 'such appliances as are reasonably safe and suitable' to do the work required of them." *Russell* v. *Borden's Condensed Milk Co.*, 53 Utah 457, 463, 174 P. 633, 635.

Under the simple tool doctrine as recognized in this jurisdiction, the employer retains the duty to supply safe appliances for use in his regular business. *Guitron* v. *Oregon S. L. R. Co.*, 62 Utah 76, 217 P. 971; *Reynolds* v. *American Foundry and Machine Co.*, 121 Utah 130, 1952, 239 P. 2d 209. The effect of the simple tool doctrine is not to render the master not guilty of a breach of duty, but rather to impose upon the servant a duty of inspection, reasonable under the circumstances, breach of which duty will provide the master with a defense to an action for negligence.

The employee under the ordinary simple tool case, is in a better position than the employer to judge of defects in the tools which he fully understands and which he uses

[1]See *Proctor* v. *Town Club, Inc.*, 105 Utah 72, 77, 141 P.2d 156, 158.

frequently in the course of his employment; he is chargeable equally to the employer with knowledge █ of all obvious or readily discoverable defects. *Proctor v. Town Club, Inc.,* supra. The simple tool doctrine operates not because the employee assumes the risk of injury from defects in such tools, but because the employer has the right to rely upon the employee to inform him of any obvious defects, or to not use the tool if it is unsafe. His non-liability, then, rests upon the assumption that the employee is in as good, if not better, position to observe the defect as the employer.

The plaintiff in the present case was a day laborer, paid by the bushel; thus, it might be considered unreasonable to require him to make the same inspection required where an employee uses the same simple appliance day after day, with an opportunity to observe any deterioration or developing weakness in the ladder. Further, the ladder in this case was five or six years old at least, and we have no evidence upon the length of life to be expected from a ladder of this type nor whether the age of the instrument was sufficient to put the employer on notice of deterioration, a fact of which plaintiff, of course, had no knowledge. Unlike the Proctor case, supra, the ladder in this case, was an important tool in defendant's business, and we held in *Reynolds* v. *American Foundry & Machine Co.,* supra, that in such a case, a supplier of work tools is held to a higher standard of care than one who furnishes the chattels gratuitously and not for his business purposes.[2]

---

[2]"It might well be reasonable to impose the duty of prudent inspection upon an employer who secures such tools for use in the occupation in which he is generally engaged, and yet be unreasonable to fasten liability for failure to so inspect, upon one who furnishes a simple tool or instrumentality to an artisan engaged to do a definite job in which the latter is skilled and to whom the proper use of such instrumentality and the possibility of latent defects therein as well as methods of discovery and remedy thereof, would ordinarily be much better known than to the one for whom the work is performed." *Proctor* v. *Town Club, Inc.,* 105 Utah 72, 81, 141 P.2d 156, 158, 160.

Under these circumstances, it would appear questionable as to whether the simple tool doctrine would apply at all.

We have no evidence as to the nature of the defect, an important factor in placing responsibility for the breakage of the ladder. Was it the type of defect that the employee was under a duty to discover in view of the fact that his opportunity for inspection was limited? Was it the type of defect that the employer, on notice of the age of the ladder, could have discovered on proper inspection?

At 145 A.L.R. 543, a summation of the considerations under the simple tool doctrine appears as follows:

"* * * It does not seem entirely logical, however, to say that the employer is under no obligation to exercise ordinary care to furnish reasonably safe appliances simply because those appliances chance to be of a simple character, and an analysis of the cases indicates that the mere simplicity of the tools does not alone exempt the employer from all care or relieve him from all liability under all circumstances; among factors that must be taken into consideration are the capacity, intelligence, and experience of the employee, the character of the defects, the employee's opportunity for detecting them, or the circumstances calculated to withdraw his attention from them."

In the present case, a summary judgment was granted to the defendants upon depositions of both parties, each taken by the adverse party for the purpose of discovery. Quite naturally, the evidence upon the case is deficient in many respects and upon these deficiencies turns the question of whether or not, as a matter of law, the employer is free from responsibility for the accident which occurred as a result of the breaking of a work tool supplied by him.

While in a given case a tool may be so simple and the employee so familiar with it that the court would be correct in holding as a matter of law that he cannot recover, the case at bar is not such a case, but one in which the court should have heard all of the evidence before deter-

mining whether there was a breach of duty by the plaintiff so as to nullify a possible breach of duty by the defendant.

It remains to consider appellant's second assignment of error. For his second cause of action, plaintiff claims that defendants had the duty to provide medical assistance and first aid to the plaintiff, and their failure to do so was actionable, and cites in support of this contention the rule of *Szabo* v. *Pennsylvania R. Co.*, 132 N.J.L. 331, at page 40 A.2d 562, at page 563 and quotes the language therein:

"It is conceded that in this and other jurisdictions the law is, that in the absence of a contract or a statute, there rests no duty upon an employer to provide medical service or other means of cure to an ill, diseased or injured employee, even though it result from the negligence of the master * * *.

"In our judgment there is a sound and wise exception to this rule, founded upon humane instincts.

"That exception is, that where one engaged in the work of his master receives injuries, whether or not due to the negligence of the master, rendering him helpless to provide for his own care, dictates of humanity, duty and fair dealing require that the master put in the reach of such stricken employee such medical care and other assistance as the emergency, thus created, may in reason require, so that the stricken employee may have his life saved or may avoid further bodily harm. This duty arises out of strict necessity and urgent exigency. It arises with the emergency and expires with it."

The rule contended for when applied to the facts of this case obviously renders the ruling of the lower court in this matter correct. There was no emergency: plaintiff was fully conscious and minimized his injuries himself when reporting the accident to defendant, defendant was justified in thinking that plaintiff was well able to care for himself, and further, driving him to the city where he could obtain medical care was sufficient under the requirement that he "put in the reach of such stricken employee such medical care" as was necessary under the circumstances. Hence the summary judgment of the lower court on this cause of action is affirmed.

For the reasons stated, the summary judgment as to the first cause of action should be vacated and the cause remanded for trial. It is so ordered. Costs to appellant.

WOLFE, C. J., and CROCKETT, HENRIOD and WADE, JJ., concur.