**S. C. JOHNSON & SON, Inc., Defendant, Appellant,**

v.

**Lucille PALMIERI et al., Plaintiffs, Appellees.**

No. 5374.

United States Court of Appeals First Circuit.

Heard Oct. 9, 1958.

Decided Oct. 21, 1958.

Edward F. Hennessey, Boston, Mass., with whom Bernard T. Loughran, Watertown, Mass., was on brief, for appellant.

Joseph A. Furnari, Boston, Mass., with whom Leo P. Doherty, Boston, Mass., was on brief, for appellees.

Before MAGRUDER, Chief Judge, and WOODBURY and HARTIGAN, Circuit Judges.

PER CURIAM.

This is an appeal by the defendant in a personal injury case from a judgment in favor of the plaintiff in the amount of $3,000 upon the basis of findings and conclusions made by the trial judge sitting without a jury.

■ The main point urged on appeal is that under the local law of Rhode Island, which is controlling here, the ordinary principles of negligence are not applicable to a manufacturer in favor of an ultimate consumer not in privity of contract. See Mason v. American Emery Wheel Works, 1 Cir., 1957, 241 F.2d 906, certiorari denied 1957, 355 U.S. 815, 78 S.Ct. 17, 2 L.Ed.2d 32. For this proposition, appellant relies on two Rhode Island cases, McCaffrey v. Mossberg & Granville Mfg. Co., 1901, 23 R.I. 381, 50 A. 651, 55 L.R.A. 822, and Slattery v. Colgate, 1903, 25 R.I. 220, 55 A. 639, both over fifty years old and both decided prior to the clarifying decision in MacPherson v. Buick Motor Co., 1916, 217 N.Y. 382, 111 N.E. 1050, L.R.A.1916F, 696, a case which was adopted and approved by the American Law Institute in § 395 of its Restatement of Torts. As a matter of fact, in Collette v. Page, 1921, 44 R.I. 26, 114 A. 136, 18 A.L.R. 74, the Rhode Island court cited with approval, and applied, the case of MacPherson v. Buick Motor Co., supra. We have no doubt that the present Rhode Island law is what the district judge took it to be, in accordance with the more enlightened modern viewpoint.

■ Also, we agree with the trial judge that there was sufficient evidence of negligence on the defendant's part to make this a proper jury issue.

And while proof of causation is a part of plaintiff's affirmative case, we think the trier of the facts was entitled to assume that the plaintiff could read, especially in the absence of any attempt by the defendant to show the contrary, and hence was warranted in finding that, if the label on the container had included an appropriate conspicuous warning that soap and water should be used to wash off any liquid accidentally spilled on the user's person, plaintiff, more like-

ly than not, would have seen and read the warning and governed herself accordingly.

A judgment will be entered affirming the judgment of the District Court.