333 P.2d 1004

THOMPSON LUMBER CO., Inc., an Idaho corporation, Plaintiff-Respondent,

v.

COZIER CONTAINER CORPORATION, an Ohio corporation, Defendant-Appellant.

No. 8582.

Supreme Court of Idaho.

Dec. 16, 1958.

Rehearing Denied Jan. 26, 1959.

Whitla & Knudson, Coeur d'Alene, for appellant.

Stephen Bistline, Sandpoint, for respondent.

SMITH, Justice.

Respondent brought this action on a written contract, to recover six months' rental on a U D 24 Power Unit, and the repair and incidental costs of placing the equipment "in sound operating condition."

Respondent in its amended complaint alleges that on April 8, 1953, it rented the power unit to appellant for the agreed rental of $100 a month, which equipment appellant agreed to return in sound operating condition.

Relevant portions of the rental agreement read:

"The party of the first part [respondent] agrees to rent to the party of the second part [appellant] * * * the U D 24 Power Unit * * * rental to commence the day the equipment is picked up and to end on the day the equipment is returned.

"The party of the second part [appellant] agrees to return the equipment in sound operating condition. * * *."

Respondent then alleges that appellant kept the power unit from April 8 to December 8, 1953, paying the agreed rental; that appellant did not return the equipment in "sound operating condition," but in a wholly inoperative condition, necessitating repairs; that respondent upon dismantling the power unit at a cost of $135 ascertained the defects and advised appellant thereof; that respondent then transported the power unit to Spokane, Washington, where Intermountain Equipment Company estimated the expense of repairing it at $2,500, but that respondent, acting in the best interest of appellant in eliminating certain parts and expense, accomplished the repair by said company, of placing the machine in a sound operating condition, at a cost of $861.62, as reflected by an itemized statement of the repair bill; that in transporting the power unit to and from Spokane, respondent incurred trucking expenses totaling $100.

Respondent further alleges that since it did not obtain return of the repaired power unit until June 8, 1954, it became entitled to six months' additional rent from appellant, for the period from December 8, 1953, to June 8, 1954, totaling $600. Respondent prayed for judgment in such sums totaling $1,696.62, together with interest.

The trial court overruled appellant's demurrer to the amended complaint but granted in part its motion to strike portions thereof.

The jury returned a verdict in respondent's favor for $1,696.62 together with interest of $287.74. The trial court thereupon entered judgment in respondent's favor against appellant for $1,984.36, together with $47.75 costs, all totaling $2,032.11. Appellant perfected an appeal therefrom.

Appellant assigns error of the trial court in overruling its demurrer, special in nature, to respondent's amended complaint. We have examined the complaint and conclude that the trial court did not commit error in that regard.

Appellant defended on two theories: First, that since the power unit, when rented, was not in good workable condition, as respondent impliedly warranted it to be, appellant was under no duty to return it in any better condition than as received. Second, that since the agreement provided for rental of the power unit at $100 a month to commence April 8, 1953 and "to end on the day the equipment is returned," rental cannot be considered as a measure of damage. Appellant's various assignments of error save for review the issues so presented.

We recognize the general rule, that where a chattel is hired or leased out for

a particular purpose, a warranty will be implied that the chattel is reasonably fit for the purpose for which it is hired or leased. Tufts v. Verkuyl, 124 Mich. 242, 82 N.W. 891; Collette v. Page, 44 R.I. 26, 114 A. 136, 18 A.L.R. 74; Hoisting Engine Sales Co. v. Hart, 237 N.Y. 30, 142 N.E. 342, 31 A.L.R. 536, and Annotation, 541; Reynolds v. American Foundry & Machine Co., 121 Utah 130, 239 P.2d 209; Marcos v. Texas Co., 75 Ariz. 45, 251 P.2d 647; Gagne v. Bertran, 43 Cal.2d 481, 275 P.2d 15.

In the case here, the parties conceded that the power unit needed certain repairs when rented, and that respondent at its expense furnished such items of initial repair as appellant requested. Thereafter there appears to have been no question concerning the ability of the power unit to perform in a manner satisfactory to appellant. Appellant's general manager testified:

"Q. Did you have any difficulty with it [the power unit] in running because of anything wrong with the motor at times? A. No, sir.

"Q. Did you have any loss of power in it at any time so that it wouldn't do the work that you expected it to do?

\* \* \* \* \* \*

"A. No, sir."

Appellant's logging superintendent testified that after the initial repairs the power unit had ability to work and that it accomplished the job for which hired; also that appellant at no time complained about it to respondent.

The evidence thus adduced from respondent's witnesses shows that the power unit was reasonably fit for, and reasonably accomplished the purpose for which appellant hired it.

Appellant's next contention that appellant was under no duty to return the power unit in any better condition than received, must be regarded in the light of its contractual duty in the premises.

The specific terms of the express contract must be accorded due consideration, particularly the provision, "the party of the second part [appellant] agrees to return the above equipment [U D 24 Power Unit] in sound operating condition." The contract fails to support appellant's theory that its only duty was to return the equipment in as good condition as received, with perhaps reasonable wear and tear excepted.

The rule is stated in 8 C.J.S. Bailments § 22, p. 255:

"The rights, duties, and liabilities of the bailor and bailee must be determined from the terms of the contract between the parties, whether ex-

**460**

press or implied. Where there is an express contract, the terms thereof control, since both the bailor and bailee are entitled to impose on each other such terms they respectively may choose, increasing or diminishing their rights, and their express agreement will prevail against general principles of law applicable in the absence of such an agreement."

■ Appellant questions the sufficiency of the evidence to show that the power unit was not in sound operating condition when returned to respondent.

The evidence shows that the life of such a power unit without an overhaul varied ordinarily from 4,000 to 7,000 work hours, but with proper care it should work for 9,000 hours without major repairs; that respondent had operated the power unit approximately 3,500 work hours, and that appellant worked it 1,876 hours during the six month rental period, all totaling approximately 5,376 hours; that respondent upon dismantling the power unit observed certain foreign metal particles which, according to the expert testimony, were sufficient to score the crank shaft to the extent as found, and that other parts of the power unit showed such wear as to require a major repair job.

■ Appellant's next assignment that rent of the power unit at $100 a month for the six month period commencing Decem-

ber 8, 1953, when appellant returned the machine, to the end of the period of repair, June 8, 1954, totaling $600, cannot be considered as an element of damage, is set out in the body of its brief; therein appellant assigns error of the trial court in giving the instruction, that if the jury find that appellant did not return the power unit to respondent in a sound operating condition, the jury may consider as an element of damage, "rental on the use of said machine during such period of time its use was necessarily and reasonably lost to the plaintiff [respondent] while being put in a sound operating condition, not to exceed, however, the plaintiff's claim of $100.00 per month."

Again, the agreement is controlling in that it provides "rental to commence the day the equipment is picked up and to end on the day the equipment is returned." Rent as such on the power unit ceased December 8, 1953, when appellant returned it. The fact that appellant did not return the unit in a sound operating condition required exaction of damages from appellant in such amount as to place it in a reasonably sound operating condition.

Further, the covenant in the contract to return the equipment is independent of the covenant to pay rent, for which reason the case is governed by the rule stated in United States, for Use and Benefit of Smith v. Maryland Casualty Co., 5 Cir., 146 F.2d 379, 380, as follows:

"If the covenant to return the equipment is independent of the covenant to pay rent thereon, as the right to termination and other features of the contract seem to indicate, the Contractors are liable for any damages, as distinguished from rent, caused by their failure to redeliver the machinery according to their contract,"

■ The record fails to show that appellant lost any use of the machine, or to show the value of any such lost use, during such period of six months; therefore the matter of any such loss of use and value thereof was improperly submitted to the jury. Such element of damage in the amount of $600, as included in the verdict and incorporated in the judgment, must be deleted.

■ The finding of the trier of fact in all other respects, being supported by substantial and competent, though in instances, by conflicting evidence, the same will not be disturbed on appeal. Watkins v. Watkins, 76 Idaho 316, 281 P.2d 1057; Land Development Corporation v. Cannaday, 77 Idaho 237, 290 P.2d 1087; Summers v. Martin, 77 Idaho 469, 295 P.2d 265; Zenier v. Spokane International Railroad Co., 78 Idaho 196, 300 P.2d 494; Manley v. MacFarland, 80 Idaho 312, 327 P.2d 758; Larson v. Lindsay, 80 Idaho 242, 327 P.2d 775.

■ This action was instituted for the purpose of recovering unliquidated damages; therefore interest on the amount found due as liquidated damages, including costs, is allowable at the rate of 6% per annum on the amount adjudged due on the judgment, from the date of the judgment. I.C. § 27–1904.

The judgment of the district court is modified by deleting therefrom the sum of $600 rent and $287.74 interest, included therein, leaving the sum of $1,144.37 due respondent as of April 24, 1957, the date of the judgment, together with interest on said amount due at the rate of 6% per annum until paid. The judgment as modified is affirmed. Costs to appellant.

KEETON, C. J., PORTER and TAYLOR, JJ., and CRAMER, D. J., concur.

McQUADE, J., not participating.