**147 So. 53**

**PHILLIPS v. PHILLIPS et al.**

No. 27986.

Feb. 27, 1933.

Rehearing Denied March 27, 1933.

Rusca & Cunningham, of Natchitoches, for appellants.

H. L. Hughes and Phanor Breazeale, both of Natchitoches, for appellee.

ROGERS, Justice.

The plaintiff sued her husband for a separation from bed and board, for an injunction forbidding defendant to dispose of the com-

munity property, and for a partition of the property. The suit was filed on December 2, 1920, and on December 16, 1920, an inventory of the property was taken by a notary public satisfactory to the parties. Plaintiff apparently did not press her demand, and the case remained dormant until March, 1925, when it was assigned for trial. The trial was had on March 15, 1925, and judgment was rendered and signed the next day, March 16, 1925, granting plaintiff a separation and dissolving the matrimonial community. No reference was made in the judgment to plaintiff's demand for a partition.

On November 13, 1925, plaintiff brought this suit for a partition and settlement of the community estate, alleging that the judgment of separation was final. Defendant excepted to the petition as failing to disclose a cause of action, on the ground that plaintiff had not accepted the community within 30 days from the rendition of the judgment of separation.

The argument on the exception of no cause of action directed the attention of plaintiff's attorneys to the failure of the judgment of separation to include an order for a partition and the failure of plaintiff to formally accept the community within 30 days after the judgment was rendered. Thereupon, plaintiff, through her attorneys, immediately applied for and was granted an appeal from the judgment rendered in the suit for a separation. On motion of the appellee the appeal was dismissed, reserving appellant the right to proceed with her suit in the district court for a partition and settlement of the community estate. In the course of its opinion this court reviewed the pertinent jurisprudence and held that article 2420 of the Civil Code

was rendered inoperative by the provisions of Act No. 4 of 1882. See Phillips v. Phillips, 160 La. 813, 107 So. 584. Since that case was decided article 2420 of the Civil Code has been expressly repealed. See Act No. 49 of 1926.

Jeff De Blieux & Co. and Lestan De Blieux were impleaded with Gabriel Phillips, plaintiff's husband, in this suit. Plaintiff prayed for judgment against Jeff De Blieux & Co., annulling an alleged fraudulent mortgage given the company by her husband, and for judgment against Lestan De Blieux, annulling an alleged simulated sale executed in his favor by her husband.

The court below ordered the cancellation of the mortgage in favor of De Blieux & Co., decreed the sale from Gabriel Phillips to Lestan De Blieux to be a mortgage, and adjudged the community rights of plaintiff and her husband. From this judgment all the defendants have appealed.

Defendant complains of the action of the district judge, in overruling his exception leveled at plaintiff's right to prosecute her suit and stand in judgment. Defendant argues, in support of his exception, that plaintiff is not suing for a settlement of the community, but for the recovery of an undivided one-half of the community property.

We approve the ruling of which defendant complains. The suit, in effect, is one for the liquidation of the matrimonial community existing between plaintiff and her husband. It would be extremely technical to hold otherwise. At this late date, with all the evidence in the record that could be offered on the question of the respective matrimonial rights of the spouses, it would serve no good

purpose to dismiss the suit and remit the parties to further litigation, with its consequent expense and delay.

The judgment appealed from fixes the debts of the community existing between Amelia Phillips and Gabriel Phillips as follows, viz.:

| | | |
|---|---|---|
| Leopold Levy mortgage note | | $1,000.00 |
| Interest thereon | | 441.35 |
| Note of De Blieux & Co. | $536.77 | |
| Interest thereon | 104.14 | |
| Account of De Blieux & Co. | 109.70 | |
| Total | $750.61 | |
| Less credit paid by sale of mule | 100.00 | |
| Total De Blieux indebtedness | | 650.61 |
| Amount taxes paid | | 248.86 |
| Judgment for attorney fees in suit 18448 (the separation suit) | | 250.00 |
| | | $2,590.82 |

The judgment allowed Gabriel Phillips credit for payments made on the debts of the community as follows, viz.:

| | |
|---|---|
| Interest on Levy mortgage note | $200.00 |
| De Blieux & Co. note account and interest less credit for mule | 325.30 |
| Taxes | 124.43 |
| Interest on taxes paid | 63.00 |
| Total credits due Gabriel Phillips | $712.73 |

The judgment charged Gabriel Phillips with rent during the years 1921 to 1925, both inclusive, for the use of the community property, $112.50 a year, making a total of $562.-50, the interest thereon, amounting to $63.-20, and for using and disposing of certain products of the farm, valued at $178, and costs in suit No. 18,448, amounting to $60. The amount of these charges, $774.70, was ordered credited to Amelia Phillips.

The judgment ordered the sale of the real estate—a tract containing 60 acres—plows, gear, implements, and other personal property belonging to the community. That out of the proceeds of the sale certain enumerated debts and costs and the difference between the credits due Gabriel Phillips and the credits due Amelia Phillips be paid; the balance to be divided equally between Amelia Phillips and Gabriel Phillips.

Plaintiff has filed an answer to the appeal in which she prays that the interest on the Leopold Levy mortgage note be reduced from $441.35 to $160; the interest on the De Blieux & Co. note of $536.77 be reduced from $104.14 to $35.76; that the price of the mule sold by defendant to De Blieux & Co. be increased from $100 to $125; that the credit allowed Gabriel Phillips, one-half of interest on Levy mortgage note, be reduced from $200 to $80; that the item $63 for interest on taxes be disallowed; that the judgment in plaintiff's favor for $112.50 per year for rent be increased to $200 per year; that plaintiff be allowed $200 a year for rent for the years 1926 and 1927 until the land was sold under the Levy mortgage; and that the judgment be amended in respect to the amount awarded as the value of the movable property owned by the community.

Appellant Gabriel Phillips contends that the judgment appealed from is erroneous in allowing him credit for only one-half of the community debts paid by him instead of crediting him with the full amount of such payments; in not allowing credit for the payment by him of the accounts of Dunckleman Bros., $15.20, Davis Bros., $11.30, and A. Sompayrac, $10.70; in allowing plaintiff rent for the years 1921 to 1925, both inclusive; in

allowing plaintiff a recovery for one-half of the value for the farm products used by appellant; in allowing $60 as costs in suit No. 18448; in ordering the sale of all the community property; and by taxing Phillips with all the costs of suit except those costs against Lestan De Blieux and De Blieux & Co.

The appellants Lestan De Blieux and De Blieux & Co. complain of the judgment appealed from so far as it condemns them to pay any costs of the litigation.

The sixty-acre tract of land owned by the community was purchased by Gabriel Phillips from Leopold Levy and others on October 6, 1917. The consideration of the sale was $2,500, of which $500 was paid in cash and $2,000 in the purchaser's notes secured by mortgage and vendor's lien. At the time the suit for a separation was instituted by Amelia Phillips against Gabriel Phillips, there were outstanding two vendor's lien notes of $500 each. The notes bore 8 per cent. per annum interest, which was payable on October 6th of each year. The interest due October 6, 1920, was paid by the community. On December 2, 1920, Amelia Phillips left her husband, and on December 2, 1920, the suit for a separation was filed. Gabriel Phillips paid the interest of the mortgage notes as it fell due in 1921, 1922, and 1923. The interest for 1924 and 1925 was paid by Lestan De Blieux, and defendant Phillips later repaid Mr. De Blieux. In five years the total amount of interest paid by Phillips was $400. The suit was tried on March 15, 1926, and judgment was rendered on April 21, 1926. The accrued interest added to the interest paid and the principal of the notes amounted to $1,441.35, an obligation due by the community. Defendant Phillips paid $400 of the $441.35 due for interest on the Levy mortgage note.

De Blieux & Co. had for some years extended credit to Gabriel Phillips. At the close of the year 1920, Phillips owed the firm a balance of $109.70 on his personal indebtedness during that year. He also owed the firm on his personal indebtedness of the previous year and for advances made to certain of his tenants the sum of $536.77. De Blieux & Co. were unwilling to make further advances to Phillips for working his crop for the year 1921 unless they were secured for the amount due them by Phillips. A mortgage for $536.77 was then executed by Phillips in favor of De Blieux & Co. to secure the indebtedness due the firm prior to 1920. The indebtedness of $109.70 was allowed to stand unsecured on the books of the creditor. Phillips was unable to pay the mortgage of $536.77 or to further reduce the amount of the outstanding vendor's lien notes, so that in the fall of 1923, being pressed for payment by both mortgage creditors, he obtained the consent of Lestan De Blieux to pay the note held by De Blieux & Co. and to assume the mortgage indebtedness to his vendor. The vendor was satisfied to carry the notes against De Blieux but not against Phillips. To secure Lestan De Blieux, Phillips deeded the sixty-acre tract of land to him for a recited consideration of $1,500, $500 of which was paid to De Blieux & Co. to retire its note, which had been reduced to that amount, and the balance represented the principal of the outstanding vendor's lien notes. This sale, as was admitted on the trial of the case, was intended by the contracting parties to serve merely as a mortgage.

Plaintiff contends that the interest on the De Blieux note of $536.77 should be allowed for only ten months, $35.76. The note, however, was not paid at its maturity. The instrument itself exhibits interest credits amounting to $104.14, and these credits are shown to be correct by the testimony of both the maker and Lestan De Blieux, the holder of the note.

De Blieux & Co. credited Phillips with $100 on his indebtedness for the mule which it received from him. The mule was appraised at $100, not at $125 as stated by plaintiff, in the inventory of the community property; and there is nothing in record to show that it had any greater value.

The amount of $248.86 paid by Phillips for taxes and the sum of $250 allowed H. L. Hughes, Esq., as attorney's fees in the separation suit, are admitted by plaintiff to be correct and as properly chargeable as debts of the community estate. We find that the $63 charged by Phillips as interest on the taxes paid is also correct and should be charged against the community estate.

Plaintiff contends that she should be allowed rent for the community property at the rate of $400 a year. Defendant Phillips contends that no rent at all is due plaintiff, but, if it is, it should be fixed on the basis of $185 a year. The court below fixed the rental value of the property at $225 a year, and gave plaintiff a credit for five years' rent at $112.50 a year, with the interest thereon. We find no error with the judgment in that respect. Plaintiff suggests that she is also entitled to rent for the years 1926 and 1927; but that question is not before us, since we are reviewing a judgment that was rendered by the district court in April, 1926.

We think, from our examination of the record, the contention of appellant Phillips that the amounts due and paid Dunckleman Bros., Davis Bros., and A. Sompayrac constitute a community indebtedness is correct. We find no merit, however, in appellant's contention that the $60 taxed as costs in the separation suit should be charged to the community estate. The costs were taxed in the judgment of separation directly against appellant, and they constitute his individual indebtedness. Nor is appellant's contention that he should not be charged with $89 for the one-half of the farm products on hand at the time his wife left the matrimonial domicile tenable. The products were used or disposed of by him and he should account for their value as fixed in the inventory.

The contention of Phillips that he should be allowed credit for the full amount, and not for one-half the amount, of the community debts paid by him, is not well founded. The funds used by appellant for discharging the debts were community funds, of which only one-half belonged to him. Consequently, Phillips should be credited with one-half and not the entire $63 paid by him as interest on the taxes.

The parties, in their briefs, state that subsequent to the rendition of the judgment herein the real estate belonging to the community was sold in foreclosure proceedings to satisfy the Levy mortgage indebtedness of $1,000. The property is stated to have brought $2,451 cash, and, after paying the debt due Levy, the $250 due Hughes as attorney's fees, and the costs of the proceeding; the balance was left

in the sheriff's possession subject to the final disposition of this case. These facts are not in the record, but we have no doubt they are correct, so that in the settlement between the parties the proceeds of the sale will represent the real property ordered sold under the judgment herein.

The judgment appealed from, in addition to the real estate, ordered the sale of a cane mill, three mules, one organ, one wagon, a sewing machine, and two head of hogs. Plaintiff contends that these movables should not be sold, and that Phillips should be charged with their value as fixed in the inventory. We do not think so. The property belongs to the community estate and, if not already disposed of, should be sold for whatever it will bring. There is no demand set up in plaintiff's petition for the impairment in value, if any, of the community movable effects.

Phillips contends that the sewing machine should not be sold, since the evidence discloses that it belonged to the matrimonial community existing between him and his first wife. We think the contention is correct.

For the reasons assigned, the judgment herein appealed from is amended by increasing the amount of the indebtedness of the community estate from $2,590.82 to $2,691.02; by decreasing the amount of the credits allowed Gabriel Phillips for payment of the community debts from $712.73 to $699.83; by striking out the order to sell the sewing machine, the decree taxing costs against De Blieux & Co. and Lestan De Blieux and the decree that Gabriel Phillips pay the costs of this suit. And it is further ordered that the costs of the partition proceedings be taxed against the community estate. In all other respects the judgment appealed from is affirmed.

ST. PAUL, J., absent on account of illness, takes no part.