199 P.2d 261

### In re WILSON'S GUARDIANSHIP.

#### No. 7449.

Supreme Court of Idaho.

Nov. 4, 1948.

Alvin Denman, of Idaho Falls, for appellant.

Wm. P. Hemminger, of Rigby, for respondent.

HOLDEN, Justice.

May 26, 1942, letters of guardianship were issued out of the probate court of Bonneville county, appointing Wanie Wilson guardian of the person and estate of Donna Marcene Wilson, a minor. On the same day a bond was given in the usual form and filed. Wanie Wilson thereupon qualified and entered upon the discharge of her duties as such guardian.

It appears from the record the sole estate of the minor, Donna Marcene Wilson, consisted of the proceeds of a New York Life Insurance policy on the life of Virginia Wilson, the deceased mother of said minor, and that such proceeds amounted to the sum of $1020.49, $120.49 in cash and the balance, $900.00, in four instalment certificates issued by said New York Life Insurance

Company, payable in monthly instalments of $15.00 each, the proceeds of such life insurance policy being paid by said New York Life Insurance Company to, and received by, the said Wanie Wilson, following her appointment as such guardian.

June 12, 1942, on the application of the guardian, the probate court "Ordered that there be allowed to said Guardian for the care and maintenance of said minor Donna Marcene Wilson, and payable out of the estate of said minor, the monthly sum of Fifteen Dollars per month, commencing with the 1st day of April, 1942, and each month thereafter until the further order of the Court". Thereafter, and prior to her resignation, guardian Wilson expended for the support of the minor the sum of $830.49 out of the funds of the minor's estate.

May 11, 1946, guardian Wilson rendered and filed a final account praying the same be settled and approved. July 8, 1946, she filed her resignation. August 2, 1946, letters of guardianship were issued to John A. Ferebauer who, on the same day, gave bond and qualified in the manner and form as provided by statute and thereupon entered upon the discharge of his duties as guardian of the person and estate of the said minor. Thereafter, August 13, 1946, the said John A. Ferebauer, as such guardian, filed exceptions in writing to the said final report and account of the said Wanie Wilson, one of the exceptions to the said final account being that during the period covered thereby the father of the said minor, Morris D. Wilson, had furnished said Wanie Wilson with sufficient money for the care and support of the said minor.

October 17, 1947, the said final report and account was heard. October 22, 1947, the said exceptions to said final report and account were, by order and decree of said probate court, overruled and denied. Thereafter, to-wit, October 31, 1947, John A. Ferebauer, guardian as aforesaid, as such guardian, appealed from the said order and decree of the probate court to the district court of the ninth judicial district, for Bonneville county, the appeal being taken on questions of law alone. The appeal was heard in said district court December 2, 1947. January 9, 1948, the said order and decree of the probate court denying and overruling said exceptions and approving and allowing the said final account, was affirmed by the said district court as follows:

"And after argument by counsel for the respective parties, and the court being fully advised in the premises, it is the judgment of this court that said order of the Probate Court of Bonneville County, Idaho, made and entered October 22, 1947, overruling said exceptions, and allowing the said account, be, and the same is hereby affirmed this January 9, 1948."

March 2, 1948, guardian Ferebauer prosecuted an appeal from the judgment of the said district court to this court.

Two errors are assigned, to-wit: That the district court erred:

1. "In affirming the probate court's order overruling Ferebauer's exceptions to the Wanie Wilson report."

2. "In failing to require Wanie Wilson to pay to the present guardian the $15.00 a month which she used for the support of her ward during the period the ward's father was sending Wanie Wilson money aggregating $1200.00."

It appears from the order and decree of the probate court rendered and entered October 22, 1947, in which that court denied the exceptions to the final report and account of guardian Wilson, that the father of the said minor was in the United States Army from November, 1942, to September, 1945, and that during said period the father made numerous remittances to guardian Wilson totaling $1200.00, which she, guardian Wilson, returned to the father at a later time.

In support of his assignments of error, guardian Ferebauer contends the law of this state imposes the duty upon a father to support his minor child; that the father, Morris D. Wilson, having remitted to the former guardian of the person and estate of Donna Marcene Wilson, to-wit, Wanie Wilson, the sum of $1200 between November, 1942, and September, 1945, it was a breach of the duties of the trust imposed by statute upon the said Wanie Wilson, as guardian aforesaid, to use the funds of the estate of the minor to pay for the care and support of the minor, and likewise a breach of the duties of the trust imposed on the said guardian, Wanie Wilson, to return to the father the said sum of $1200.

This court is committed to the rule contended for by appellant, that it is the obligation of the father to support his minor child. Petty v. Petty, 66 Idaho 717, 723, 168 P.2d 818, 164 A.L.R. 520; Sauvageau v. Sauvageau, 59 Idaho 190, 196, 81 P.2d 731; secs. 31-1003, 17-1901, I.C.A. Therefore, was the expenditure of the said sum of $830.49 by guardian Wilson, out of the funds of the minor's estate, for the support of said minor, such a wrongful use of the funds as would constitute a breach of the duties of the trust imposed by law on such guardian? Which, of course, is a mixed question of law and fact. The record is silent as to the facts and circumstances surrounding the remittances of the father to the guardian. In particular, the record is silent as to whether the remittances were made with express directions to use the same for the support of the minor or whether they were so made as to amount to an implied direction to use the remittances for such purpose or whether the remittances were made only for the purpose of safekeeping. Any and all facts and circumstances bearing upon and material to the question as to whether guardian Wilson committed a breach of the duties of the trust imposed on her by law, by the expenditure of funds of the minor's estate

for her support, should have been fully examined and inquired into by the probate court. Having done that it was its duty to apply the proper and correct rules of law and equity. Gaver v. Early, 58 Cal.App. 736, 209 p. 394; Brewer v. Perryman, 62 Okl. 176, 162 P. 791, 794.

It is not necessary to consider whether appellant's exceptions were sufficient to require the probate court to fully examine into and pass upon these matters, because it was the duty of the probate court to do that, without such or any exceptions. Otherwise, the court could not properly determine whether guardian Wilson was, or was not, entitled to credit for the moneys expended by her out of the funds of the minor's estate for the support of the minor.

Inasmuch as this cause must be remanded for further proceedings, we direct attention to the fact that upon a hearing for the purpose of settling and allowing the final account of a guardian, the probate court has full and complete power and jurisdiction, and it is its duty, to fully inquire and examine into any and every item or claim of a guardian for credit, whether it be as in the case at bar, a claim for credit for moneys expended out of the funds of a minor's estate, for the support of a minor, or any other claim for credit. And it is also the duty of the probate court to reject any illegal item or claim of a guardian, as well as any item or claim which is unjust in fact. It is the further duty of the court to inquire into the question of income to the estate of the minor and to charge the guardian with any income the estate of the minor would have received if the guardian had exercised the degree of care and attention required of her. Short v. Thompson, 56 Idaho 361, 371, 372, 373, 55 P.2d 163.

The judgment of the district court is reversed and the cause remanded to the probate court for further proceedings in conformity with the views herein expressed. No costs allowed.

GIVENS, C. J., HYATT, J., and BAKER, D. J., concur.

MILLER, J., sat at the hearing but did not participate in the decision.