353 P.2d 1079

Frances J. DAVIS, Plaintiff-Appellant,

v.

Raymond C. DAVIS, Defendant-Respondent.

No. 8787.

Supreme Court of Idaho.

June 29, 1960.

Paul C. Keeton, Lewiston, for respondent.

McCarthy & Adams, Lewiston, for appellant.

SMITH, Justice.

Plaintiff-appellant brought this action seeking a divorce from defendant-respondent, her husband, on grounds of extreme cruelty, and seeking all the community property of the parties, and for other relief not involved on this appeal. Respondent by his answer denied appellant's allegations, and by cross-complaint sought divorce from appellant on like grounds, and for judgment awarding the community property to each party in such proportions as the court may deem just.

At the conclusion of the testimony, the trial court found that the parties were entitled to divorce because of grievous mental suffering inflicted by each party upon the other; then made findings and conclusions relative to the community property, followed by entry of the decree divorcing the parties and judgment distributing the community property between them.

Appellant has perfected an appeal from the judgment, assigning error of the trial court "in substantially dividing the property of the community equally between the parties." Appellant contends that such division was an abuse of discretion and does not conform to standards of equity and justice because (a) appellant was gainfully employed during the entire marriage and was the major contributor to the accumulation of the community property; (b) she came into the marriage with considerable separate property which became commingled with the community property.

The parties were married September 21, 1948. They lived together as husband and wife, except for a period of about one month, until they separated September 16, 1958, followed by institution of the divorce action during October, 1958, culminating in the divorce and judicial assignment of the community property to them.

Both parties worked and earned moneys during the times they lived together as husband and wife. At the time of separation appellant was earning approximately $6,000 and respondent $7,000 annually.

The trial court's Findings of Fact IV and V set forth the various items of realty

**354**

and personalty involved in the action, liens against the same and methods of arriving at the valuations. Those findings read as follows:

"IV.

"That the plaintiff and defendant acquired community property during the time of said marriage, a description of which is as follows, and that the valuations set after said community property were agreed upon by the parties or established by the testimony:

The West ,fifty (50) feet of the South eighty-five (85) feet of Lot Twelve (12), Block B. McAllister Addition to the City of Lewiston, according to the recorded plat thereof, [14th Avenue Property], Stipulated value $13,500.00 less encumbrances of $5,792.71,

         equity of the parties ----------------------$ 7,707.29

Lot Ten (10), Block One (1), Broadview Heights of the City of Lewiston, according to the recorded plat thereof. Established value $2,000.00, less sewer Assessments $248.15,

         equity of the parties ----------------------$ 1,751.85

1957 Ford convertible automobile Agreed value $1,850.00, Less encumbrances of $880.00, Idaho First National Bank,

         equity of the parties ----------------------$   970.00

House Trailer, Agreed value $875.00, less lien of Idaho First National Bank of $400.00,

         equity of the parties ----------------------$   475.00

Investment Fund ------------------------------------   450.00

Savings Account, First Federal Savings & Loan --------------------------   539.66

Household furniture, excepting a refrigerator and certain other items on the premises occupied by the parties, which are the separate property of plaintiff ---------------------  2,000.00

Total value of the community property ----------------------$13,893.80"

"V.

"That prior to the time of said marriage, the plaintiff owned real property, which is described as follows:

Lot Four (4), Block Fourteen(14), Riverview Section of the City of Lewiston, according to the recorded plat thereof [15th Avenue Property],

which is referred to as the 15th Avenue House; that said property was and is the sole and separate property of the plaintiff. That for the purpose of .

buying the home now occupied by the parties herein, being designated as the 14th Avenue House, the plaintiff borrowed the sum of $2,800.00 by a mortgage on the above described property, $1,000.00 of which was applied as a down payment on the premises on 14th Avenue, and the other $1,800.00 being used by the plaintiff and the defendant. That the mortgage on plaintiff's separate property in the amount of $2,800.00 was repaid by the joint efforts and with the community moneys of the parties. Even with this being so, the defendant should not be allowed to make any claim against the separate property of the plaintiff, which is located on 15th Avenue."

The court adjudged and decreed the distribution of the property as follows:

To Appellant:

Her sole and separate real property:

Lot Four (4) Block Fourteen (14) Riverview Section of the City of Lewiston, (15th Avenue property).

Community property:

A 1957 Ford convertible automobile;

Household Furniture and fixtures located in the residence situate on the West fifty (50) feet of the South eighty-five (85) feet of Lot Twelve (12), Block B. McAllister Addition to the City of Lewiston, (14th Avenue property);

Savings account in First Federal Savings and Loan Association, Lewiston, Idaho.

To Respondent:

Community property:

Lot Ten (10), Block One (1), Broadview Heights of the City of Lewiston, according to the recorded plat thereof;

Investment certificate;

House trailer.

The court then ordered sold the community real property described as:

The West fifty (50) feet of the South eighty-five (85) feet of Lot Twelve (12), Block B. McAllister Addition to the City of Lewiston, [15th Avenue property];

and that the proceeds of the sale, remaining after payment of the liens, mortgages and indebtedness against it, and expenses of the sale, be divided equally between the parties.

The court further adjudged that liens and indebtedness against items of real and personal property be borne by the party to whom each item was awarded.

In arriving at an arithmetical computation of the values of the property distributed to each party, which appellant criticizes, we mention the $2,800 mortgage which originally encumbered appellant's separate 15th Avenue real property, which the trial court set over to appellant as her separate property. Appellant incurred the mortgage debt prior to her marriage to respondent, but community funds paid the debt. Appellant received the benefit of this amount in addition to the specific items of community property awarded her. The arithmetical computations of values awarded to each of the parties appear as follows:

Awarded to Appellant:
Amount of $2,800 mortgage debt secured by mortgage on appellant's separate 15th Avenue property, repaid by community funds,

| | |
|---|---|
| One-half to appellant's benefit | $ 1,400.00 |
| One-half of agreed value of the 14th Avenue property | 3,853.65 |
| Savings account in First Federal Savings & Loan Association | 539.66 |
| 1957 Ford automobile, agreed value, less liens | 970.00 |
| Community interest in household furniture and fixtures | 2,000.00 |
| Total | $ 8,763.31 |

Awarded to Respondent:

| | |
|---|---|
| Lot in Broadview Heights, community equity | $ 1,751.85 |
| Investment certificate | 450.00 |
| House trailer, community equity | 475.00 |
| One-half of agreed value of 14th Avenue property | 3,853.64 |
| Total | $6,530.49 |

Appellant testified that certain items of furniture were her separate property. The trial court found the value of the community household furniture to be $2,000, and excepted therefrom certain items as appellant's separate property. While the record shows the value of the household furniture to be $3,000 to $3,500, the decree recognized appellant's sole and separate interest therein, as unaffected by the decree awarding to her the community's entire interest therein; and by receiving all of the household furniture she received both the community's interest therein as well as her separately owned items.

■ Appellant complains that at the time of her marriage to respondent she had a 1947 Ford automobile for which she paid $1,344 and received $1,800 in trade after her marriage, not accounted for in the decree. The record shows, however, that substantial payments from community funds were made on the 1947 automobile for a year after the marriage; that the 1947 automobile and succeedingly acquired cars were traded during 1949, 1953 and 1957, and payments made thereon in each instance from community funds. Appellant was unable to state how much she received on any such trade, and did not submit proof as to the amount of her separate interest in any one vehicle. The trial court, however, set over to her the last car, the 1957 Ford having an agreed value, less the liens, of $970.

Appellant complains about the savings and loan account which the decree awarded to her, as having therein only $1.47 at the time of the divorce; nevertheless, the record shows that the account was $539.66 set over to her, from which she had withdrawn amounts, leaving $1.47 therein, as of the time of the divorce.

Appellant complains that the trial court failed to consider a down-payment of $1,000 which she made from her sole and separate funds, on the 14th Avenue realty distributed as community property. Appellant made such $1,000 payment from the proceeds of the $2,800 loan obtained before her marriage, secured by mortgage on her 15th Avenue separate realty. However, as heretofore mentioned, the trial court decreed the 15th Avenue realty in entirety to be appellant's separate property even though the community had repaid such $2,800 separate debt, the court ruling that respondent "should not be allowed to make any claim against the separate property of the plaintiff, which is located on 15th Avenue."

The arithmetical computations set out show that appellant had an undisputed advantage of $2,232.82 over respondent. If the $1,000 by her paid into the community had been accounted back to appellant, she still would have an undisputed advantage over respondent in the accounting of $1,232.82.

■ Contention arose between the parties because of respondent's asserted gambling. Appellant asserts loss of community funds due to respondent's gambling, the proof showing approximately $1,000. Appellant's one-half community interest in such debt is more than compensated by the greater valuation of the community property distributed to her, as compared to that distributed to respondent. Moreover, the trial court's finding that respondent ceased gambling one and a half years prior to the time of trial, is supported by competent evidence.

■ Throughout the years of the marriage both parties contributed to the assets of the community; and while appellant asserts that she contributed thereto in greater measure than did respondent, the trial court found "that there is no way to determine how much each party contributed to the assets now before the court for division," which finding the record amply supports.

■ We are aware of the rule that where a marriage is dissolved on grounds of adultery or extreme cruelty, the disposition of the community property is committed to the discretion of the trial court in the first instance, I.C. § 32–712; Smiley v. Smiley, 46 Idaho 588, 269 P. 589, "subject to revision on appeal," I.C. § 32–714, and that more than one-half may be awarded to the nonoffending spouse, I.C. § 32–712; I.C. § 32–714; Jordan v. Jordan, 75 Idaho 512, 275 P.2d 669; Empey v. Empey, 78 Idaho 25, 296 P.2d 1028; Linton v. Linton, 78 Idaho 355, 303 P.2d 905.

■ Here, the trial court dissolved the marriage on grounds of extreme cruelty by virtue of each party having visited upon the other grievous mental suffering. Both parties being at fault, the trial court was justified in its attempt to divide the community property between the parties upon a fairly equal basis, although recognizing certain equities in appellant's favor, relating to her separate real property. Heslip v. Heslip, 74 Idaho 368, 262 P.2d 999.

The community real property of the parties, not being susceptible of division, the trial court properly ordered it to be sold, the proceeds, remaining after payment of liens and mortgages on the property and expenses of the sale, to be divided equally between the parties. I.C. § 32–712; Phillips v. Phillips, 176 La. 983, 147 So. 53; Lewis v. Lewis, Tex.Civ.App., 179 S.W.2d 594; Ackel v. Ackel, 57 Ariz. 14, 110 P.2d 238, 133 A.L.R. 549; 57 Ariz. 118, 111 P.2d 628, 133 A.L.R. 556.

■ The findings of the trial court are based on substantial, competent, although in instances conflicting, evidence; hence they will not be disturbed on appeal. Thompson Lumber Co. v. Cozier Container Corp., 80 Idaho 455, 333 P.2d 1004; Clayton v. Clayton, 81 Idaho 416, 345 P.2d 719.

We are constrained to hold that the trial court did not abuse its discretion in its division of the community property, in that the division is equitable in the light of the facts and circumstances of this case. Appellant's assignment is without merit.

The decree and judgment are affirmed. No costs allowed.

TAYLOR, C. J., and KNUDSON, McQUADE and McFADDEN, JJ., concur.