415 P.2d 303

**Jack H. VOSS, Plaintiff-Appellant,**

v.

**Vivian VOSS, Defendant-Respondent.**

**No. 9735.**

Supreme Court of Idaho.

June 13, 1966.

Greene & Hunt, Sandpoint, for appellant.

Hardy C. Lyons, Sandpoint, for respondent.

McQUADE, Justice.

In November 1962 Jack Voss, plaintiff-appellant herein, married Vivian Voss, defendant-respondent. On or about March 1, 1963, the parties ceased to live together and one month later Voss commenced this action for divorce. In November 1963 Mrs. Voss gave birth to a child. The divorce trial was held in May 1965. The trial court treated Mrs. Voss' answer to the complaint as a cross-claim for divorce, granted her a divorce from Voss, and denied Voss' plea for a divorce. The divorce decree also

directed Voss to pay $50 per month support for the child, $900 for the support and maintenance of the child from the date of its birth to the date of the decree, $100 additional attorney fees (Voss previously had been ordered to pay $150 for temporary attorney fees), and $310.57 for certain expenses relating to the birth of the child. From that judgment Voss appeals.

■ Appellant assigns error to the court's findings and judgment granting respondent a divorce on the ground of extreme cruelty and denying him a divorce. We have examined the record and we find substantial evidence to support these findings and the judgment of divorce. Jordan v. Jordan, 75 Idaho 512, 275 P.2d 669 (1954).

■ Appellant also asserts error in the trial court's awarding respondent $50 per month for the maintenance and support of their child.[1] Appellant contends that for the years 1963 and 1964 he did not earn enough money to file a federal income tax return and that prior thereto and ever since he has been in ill health. It also appears, however, that he is a skilled mechanic, is capable of earning a living and has been working. Mrs. Voss and the child have been supported by public welfare. The amount of money awarded to a wife in a divorce action for child support and maintenance rests in the sound discretion of the trial court. I.C. § 32–706. Primary responsibility for child support rests with the father. In re Wilson's Guardianship, 68 Idaho 486, 199 P.2d 261 (1948). Appellant has made no showing that $50 per month for the support of his child is unreasonable under the circumstances nor an abuse of the trial court's discretion.

■ Appellant also claims there was insufficient evidence to sustain the trial court's award of $900 to respondent for past support of the child. He also con-

tends that since there was no outstanding order of the court requiring him to make support payments for his child, the court could not "back up and order such back payments to be made." Appellant admits that he contributed nothing toward the support of the child since the time of its birth because he didn't think it was his child. See I.C. § 18–401(2). In January 1964, two months after the child was born, respondent moved for a court order requiring appellant to pay support for the child and for the costs and expenses of birth. A show cause order issued. Appellant answered by affidavit claiming that the child was not his and that "this question will be one of the main issues before the court." In July 1964 respondent again requested an order requiring appellant to pay support for the child and to pay the costs and expenses of birth. Apparently no action was taken by the trial court on either of these motions, undoubtedly because of appellant's contention that he was not the father. The divorce trial was not held until May 1965, almost a year and a half after respondent's first request for support payments. There is no explanation for this delay. The trial court had authority to require appellant to pay expenses prior to the date of the trial for support of the child from the time of its birth to the date of the trial, even though there was no prior court order requiring him to do so. From November 1963, the month of the child's birth, to May 1965, the month of the trial, 18 months elapsed. It is probable that the trial court computed the $900 support payment by awarding respondent $50 per month for each of the 18 months. As stated above, $50 per month for the support of a minor child is a reasonable sum. See Hampshire v. Hampshire, 70 Idaho 522, 223 P.2d 950 (1950). Appellant contends there is no evidence in the record to show he is financially able to pay such an amount.

---

1. Appellant also contends that he was not the father of the child. This assignment of error is not discussed in the brief nor supported by authority. In any event, there was substantial evidence that he

was the father of the child and that it was conceived while the parties were still living together and born during their marriage. He presented no evidence to the contrary.

However, I.C. § 32–710[2] vests the trial court with authority to subject his separate property to the support of his child. Jones v. State, 85 Idaho 135, 376 P.2d 361, 3 A.L.R.3d 1158 (1962). There is evidence in the record that appellant has sufficient separate property to satisfy the amount of this obligation.

■■ As for the order requiring appellant to pay the expenses of the birth of the child, there is sufficient evidence to sustain the amount of this judgment. The trial court, in its conclusions of law, held "that the Plaintiff [Voss] should pay to Defendant [Mrs. Voss] the hereinabove mentioned debts for the costs of birth of said minor child." In its decree of divorce, the trial court ordered Voss to pay these sums directly to the creditors. Appellant alleges error in this order in that these creditors were not parties to this action. There is no merit to this contention. This order was intended to protect appellant and assure the creditors of payment of the debts for, by statute, such creditors could have proceeded against appellant directly to recover such sums. I.C. § 32–1003. There was no error in requiring appellant to pay the creditors rather than respondent.

■■ Appellant's last assignment of error relates to the order directing him to pay an additional $100 in attorney fees to respondent. Prior thereto, pursuant to an order of the court, appellant paid $150 in attorney fees. The allowance of attorney fees is discretionary with the trial court, I.C. § 32–704. Appellant contends there was insufficient evidence to sustain the order requiring him to pay the additional $100 attorney fees. The trial court's award of $100 to respondent's attorney for the day spent at trial was not unreasonable.

2. "32–710. Allowance for support of children.—The community property and the separate property may be subjected to

The judgment is affirmed.

Costs to respondent.

McFADDEN, C. J., TAYLOR and SPEAR, JJ., and TOWLES, D. J., concur.

the support and education of the children in such proportions as the court deems just."