434 P.2d 116

**Clair H. MEREDITH, Plaintiff-Appellant,**

**v.**

**Marilyn D. MEREDITH, Defendant-Respondent.**

**No. 9765.**

Supreme Court of Idaho.

Nov. 22, 1967.

Roy E. Mosman, Lewiston, for appellant.

Jerry V. Smith, Lewiston, for appellee.

SPEAR, Justice.

This is a divorce action commenced by the plaintiff-appellant-husband by a complaint filed in February, 1962, alleging the defendant-respondent to be guilty of extreme cruelty, primarily that of disregarding the solemnity of her marriage vows, and requesting the court to award him all the community property of the parties and the custody of the three minor children. At the same time appellant moved for a temporary restraining order against the respondent-wife which was granted by an order containing the following provision:

"* * * IT IS HEREBY ORDERED, that the clerk of this Court issue a Restraining Order restraining and enjoining the defendant, MARILYN D. MEREDITH, during the pendency of this action or until further order of this Court from in. any way transferring or removing any of the community property of these parties or in any way threatening to inflict or inflicting upon him [the appellant] any bodily harm, or interfering with his personal peace and quietness, and from entering upon or in any way occupying the premises heretofore occupied by the plaintiff and defendant * * *."

Respondent answered this complaint and counterclaimed charging appellant with extreme cruelty resulting in grievous mental and physical suffering to respondent and requesting a decree of divorce, the custody of the minor children, an equitable division of the community property and temporary allowance for the support and maintenance of the minor children. Trial of the cause was held on May 26, 1965, a memorandum opinion was issued by the presiding judge on June 25, 1965, and formal findings of fact, conclusions of law and judgment were regularly entered on August 2, 1965.

The trial court found, in effect, that each party was guilty of extreme cruelty to the other in that subsequent to the marriage of the parties appellant had become a member of Jehovah's Witnesses religious sect and thereafter subordinated the interests of his family to his religious beliefs to the extent that family activities and outings nearly ceased altogether; that appellant spent nearly all his time in the study of religious books, tracts and pamphlets and in the missionary work of said religious sect, and his whole life was bound up in Jehovah's Witnesses; that respondent remonstrated with him about this to no avail and that subsequently she left the home at various times, stayed out late at night occasionally, and finally left appellant completely and went to live with another man from whom she had since separated. On the basis of this mutual misconduct the court concluded that the conduct of appellant justified respondent in leaving him, but her subsequent actions in living with another man were not justified and that the parties should be divorced; the bonds of matrimony terminated by a divorce.

The court further found and concluded that appellant was not a fit person to have the custody of the minor daughter and under the circumstances the court deemed it improper to award the custody of the children to the father; and that the mother had reformed and was better qualified to care for all the children of the marriage. The court granted appellant reasonable visitation rights "so long as he does not interfere with defendant's training of said children," and awarded respondent child support allowance in the sum of $35 per month per child. The court in effect divided the community property equally between the parties by awarding all of the property to appellant but requiring him to pay one-half the appraised value thereof to respondent in monthly installments at the rate of $35 per month.

It will be noted that at the time of trial the names and ages of the minor children were as follows:

Arnold C. Meredith, age 7

Jerry Lynn Meredith, age 5

Daniel A. Meredith, age 4

and the court in its findings of fact also made the following specific finding:

"The plaintiff is teaching his boys in accordance with the tenets of his religion not to salute the flag, and that it is better to go to jail than to serve the country or participate in elections and support the country's institutions."

From the judgment entered upon and in accordance with the findings and conclusions as stated herein appellant has perfected this appeal.

■ Appellant assigns nineteen separate assignments of error, but his principal contention is that the trial court erred in awarding custody of the minor children to respondent for the reason that he was not a fit and proper person for the custody of such children because he taught his boys in accordance with the tenets of his religion, not to salute the flag and that it was better to go to jail than to serve the country or participate in elections and support the country's institutions. He urges this constituted interference with, and an infringement upon, a parent's constitutional right to attempt religious training and indoctrination of his children contrary to the first amendment of the Constitution of the United States and Article 1 section IV of the Constitution of the State of Idaho. If this were the only ground upon which the trial court had found and concluded appellant was an unfit party for the custody of his minor children, it appears the great weight of authority in other jurisdictions would require reversal of the trial court's decree and a new trial. See Smith v. Smith, 90 Ariz. 190, 367 P.2d 230 (Ariz. 1961); Frantzen v. Frantzen, 349 S.W.2d 765 (Tex.Civ.App.1961); Reynolds v. Rayborn, 116 S.W.2d 836 (Tex.Civ.App.1938); Levitsky v. Levitsky, 231 Md. 388, 190 A.2d 621 (1963); Stone v. Stone, 16 Wash. 2d 315, 133 P.2d 526 (1943); Cory v. Cory, 70 Cal.App.2d 563, 161 P.2d 385 (1945). Contra see: Smith v. Smith, 61 Ariz. 373, 149 P.2d 683 (1944); Commonwealth ex rel. Derr v. Derr, 148 Pa.Super. 511, 25 A.2d 769 (1942); Salvaggio v. Barnett, 248 S.W.2d 244 (Tex.Civ.App.1952).

■ However, there was competent evidence in the record before us that appellant was guilty of incestuous conduct with an older daughter from a prior marriage who had been living with appellant and the two boys of this marriage during the separation of the parties hereto. The record also contains competent evidence that appellant requested and desired having anal intercourse with respondent. Additionally the evidence discloses that this older daughter by the prior marriage who for years served as a baby sitter for appellant with the two boys, the custody of whom are involved here was married and had left the home some six months prior to the date of the trial. The record fails to disclose what care appellant would provide for the two minor boys when he absented himself from the home in his religious endeavors. It is true that the abnormal sexual habits of appellant were denied, but it has long been the rule of this court that where the findings of fact of the trial court are supported by substantial, competent, though conflicting, evidence such findings will not be disturbed on appeal. Clements v. Clements, 91 Idaho 732, 430 P.2d 98 (1967); Parks v. Parks, 91 Idaho 420, 422 P.2d 618 (1967); Olsen v. Hawkins, 90 Idaho 28, 408 P.2d 462 (1965); Veach v. Veach, 87 Idaho 237, 392 P.2d 425 (1964); Angleton v. Angleton, 84 Idaho 184, 370 P.2d 788 (1962). Moreover, these decisions are fully in accord with Rule 52(a) I.R.C.P., the pertinent portion of which provides:

"* * * Findings of fact shall not be set aside unless clearly erroneous. In the application of this principle regard shall be given to the special opportunity of the trial court to judge the credibility of those witnesses who appear personally before it. * * *"

I.C. § 32–705 provides:

"In an action for divorce the court may, before or after judgment, give such

direction for the custody, care and education of the children of the marriage as may seem necessary or proper, and may at any time vacate or modify the same."

In construing this statute this court has granted the trial court a wide latitude of discretion concerning the question of the custody of minor children; and its judgment will not be disturbed unless such discretion is clearly abused. Dawson v. Dawson, 90 Idaho 234, 409 P.2d 434 (1965); Nielsen v. Nielsen, 87 Idaho 578, 394 P.2d 625 (1964); Larkin v. Larkin, 85 Idaho 610, 382 P.2d 784 (1963); Rogich v. Rogich, 78 Idaho 156, 299 P.2d 91 (1956); Tobler v. Tobler, 78 Idaho 218, 299 P.2d 490 (1956); Wilson v. Wilson, 77 Idaho 325, 291 P.2d 1113 (1955); Jeppson v. Jeppson, 75 Idaho 219, 270 P.2d 437 (1954); Hendricks v. Hendricks, 69 Idaho 341, 206 P.2d 523, 99 A.L.R.2d 617 (1949).

■ Also it must be noted that this court in a long line of decisions has upheld the principle that all other considerations being equal children of tender age, and particularly young daughters, should be awarded to the custody of their mother. Clements v. Clements, supra; McMurtrey v. McMurtrey, 84 Idaho 314, 372 P.2d 403 (1962); Emerson v. Quinn, 79 Idaho 358, 317 P.2d 344 (1957); Soderburg v. Soderburg, 78 Idaho 177, 299 P.2d 479 (1956); Hendricks v. Hendricks, supra.

■ While respondent's conduct left much to be desired, still the trial court found, and the record amply supports the finding, that her misconduct was caused by appellant's complete devotion to his religion to the exclusion of his family and that at the time of the trial respondent had reformed. Also it is to be noted that the misconduct on the part of the respondent, relied upon by appellant, was from months to years prior to the date of the hearing; and there was no showing of her unfitness *as a mother* at the time of the trial.

Thus there is no showing of an abuse of discretion on the part of the trial judge in awarding custody of these minor children of tender years to respondent-mother.

■ The foregoing disposes of most of appellant's nineteen assignments of error but three others require our attention. In the first of these appellant contends the court erred in its conclusion of law:

"That the parties should be divorced and the bonds of matrimony terminated without a divorce being awarded to either party."

because there was no specific finding of fact in this respect and that such conclusion is contrary to the evidence and the law. Both parties requested a divorce in this action. There was ample, competent evidence to sustain the court's granting of a divorce to either of the parties because of the misconduct of the other; or the court could have awarded a divorce to both parties. Davis v. Davis, 82 Idaho 351, 353 P.2d 1079 (1960). However, the trial court granted the divorce and terminated the marriage relationship in the following language:

"IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the marrige between the parties be terminated, and each of them is hereby divorced and restored to the status of a single and unmarried person."

Under the circumstances of this cause, as adduced by the evidence at the trial, the court committed no error in so decreeing.

■ Next, appellant contends the court erred in permitting evidence concerning appellant's religion to be introduced on the questions (1) of determining his fitness for custody of the children, and (2) in considering respondent's grounds for divorce, claiming in each instance that appellant's constitutional rights were infringed under the First Amendment of the Constitution of the United States and Article 1, section 4 of the Constitution of the State of Idaho. There was no reversible error committed by the admission of such evidence in determining appellant's fitness for custody of the children because, as pre-

viously pointed out in this opinion, the evidence supports the trial court's findings and conclusions in this respect on other grounds. There was no error in the admission of such evidence in support of respondent's grounds for divorce because, as she testified, and as the court found, it was appellant's total absorption with his religion that primarily caused the disruption of the parties' marriage.

Finally, appellant contends the court erred in awarding respondent attorney's fees for the trial and for appeal to this court and also child support for the children in her custody, because appellant had been adjudged a totally disabled man. In spite of his disability, however, the court found, and such finding is amply supported by the record, that appellant had a monthly income of $264.00 per month. Additionally, appellant contends error on the part of the trial court in dividing the community property equally between the parties. All these issues are within the sound discretion of the trial court, I. C. §§ 32–704 and 32–712, and in the absence of an abuse of such discretion the trial court's order thereon will not be reversed. Losee v. Losee, 91 Idaho 77, 415 P.2d 720 (1966); Voss v. Voss, 91 Idaho 17, 415 P.2d 303 (1966); Loveland v. Loveland, 91 Idaho 400, 422 P.2d 67 (1967); Nielsen v. Nielsen, 87 Idaho 578, 394 P.2d 625 (1964); and Davis v. Davis, 82 Idaho 351, 353 P.2d 1079. The record herein does not indicate any abuse of discretion in these respects by the trial court.

Judgment affirmed. Costs to respondent.

TAYLOR, C. J., SMITH, and McQUADE, JJ., and NORRIS, D. J., concur.