471 P.2d 58

George F. BRAMMER, Plaintiff-Respondent,

v.

Leah Jean BRAMMER, Defendant-Appellant.

No. 10352.

Supreme Court of Idaho.

June 26, 1970.

---

4. 446 P.2d, at 492.

5. 92 Idaho 423, 444 P.2d 38 (1968).

Paul C. Keeton, Lewiston, for appellant.

Wynne M. Blake, Lewiston, for respondent.

DONALDSON, Justice.

On April 10, 1947, George F. Brammer (plaintiff-respondent) and Leah Jean Brammer (defendant-appellant) were married. Five children were born of the marriage. On September 27, 1967, George F. Brammer filed suit for divorce against his wife alleging that Mrs. Brammer had been guilty of extreme acts of cruelty. Mr. Brammer's grounds for divorce were that Mrs. Brammer was a domineering person, insisted upon having her own way at all times, that she criticized, berated, and nagged the plaintiff, all of which conduct was unwarranted. George F. Brammer requested the following relief from the district court:

(1) an absolute decree of divorce from his wife on the grounds of extreme cruelty;

(2) a division of the community property between the parties in a fair, just, and equal manner;

(3) reasonable visitation rights to the minor children;

(4) such other and further relief as may seem meet and proper.

Mrs. Brammer, defendant-appellant, on April 12, 1968, filed an answer to the complaint admitting the allegations concerning the marriage and birth of the children but denying the rest of the allegations of the complaint including the grounds upon which Mr. Brammer requested that the

court grant him a divorce and set out as an affirmative defense that Mr. Brammer had become infatuated with another woman. The trial of this divorce action commenced on July 15, 1968. At this time the court conducted a hearing concerning the charges of each party against the other. A later hearing was held by the court for the purpose of determining the rights of the respective parties to the property. After the July 15, 1968, hearing the parties entered into a stipulation filed August 29, 1968, by which the defendant filed a cross-complaint with a prayer for a divorce upon grounds of adultery. In her cross-complaint, Mrs. Brammer requested the following relief:

(1) an absolute decree of divorce on the grounds of adultery;

(2) alimony;

(3) care, custody and control of the minor children;

(4) a just assignment of the community property.

The record reveals ample evidence indicating that Mrs. Brammer (defendant-appellant) was a domineering individual, insistent upon having her own way. She was extremely critical of her husband, ofttimes berating him and making disparaging remarks to him. Furthermore she was not receptive to his wants and needs. She became annoyed at his interest and participation in town baseball and basketball teams. A perusal of the record reveals that although Mrs. Brammer repeatedly persuaded and convinced her husband to act in accordance with her own wishes,[1] she would not acquiesce in permitting him to participate in the activities which he preferred.

The appellant charged that the respondent was on intimate terms with another woman, however, the trial court found that although:

"The defendant's [Mrs. Brammer's] conduct and attitude triggered the plaintiff's [Mr. Brammer's] association with the other woman, yet such association * * * has caused the defendant [Mrs. Brammer] embarrassment and humiliation and some mental suffering. * * The evidence is insufficient to sustain a finding that plaintiff [Mr. Brammer] has committed adultery * * *. The charge of adultery is a serious one and cannot and should not be based or bottomed on the testimony of the witness who stated that she asked plaintiff if he had sexual relations with this other woman and that he answered in the affirmative, particularly when plaintiff denied making such admission, and each could have misunderstood the other." [2]

Subsequent to trial, the following decree of divorce was made:

(1) The respondent was granted an absolute divorce from the appellant and the appellant was granted an absolute divorce from the respondent, both upon the grounds of extreme cruelty;

(2) care and custody of the minor children was awarded to the appellant;

(3) respondent was required to pay child support of $75.00 per month for each minor child;

(4) respondent was required to pay certain of his wife's attorney's fees and accountant's fees.

An equal division of the couple's property was made. The farm property and machinery, not being divisible in kind since such would cripple respondent's earning power and ability to pay off the indebtedness against the same, was awarded to Mr. Brammer. The residence in Lewiston and

---

1. There is testimony indicating that:
    (a) the couple moved from their farm to an expensive home in Lewiston at Mrs. Brammer's insistence;
    (b) the couple transferred their church membership at Mrs. Brammer's insistence;

    (c) Mrs. Brammer refused to have her husband's close friends, with whom he had been raised, into their home.

2. Findings of Fact XX, XXI made by the trial court.

one Oldsmobile automobile having a total value of $41,243 were awarded to Mrs. Brammer. In order to effect an equal division of the property, Mr. Brammer was ordered to pay to Mrs. Brammer the difference between the property set over to her and one-half of the community net worth or the sum of $47,652.04, in equal installments of $350 per month.[3]

Mrs. Brammer has appealed to the Supreme Court from the judgment and decree of divorce.

Mrs. Brammer firstly contends that the trial court erred in finding that Mrs. Brammer's conduct and attitude triggered Mr. Brammer's association with the other woman since the finding is not based upon any substantial and competent evidence. The evidence clearly demonstrates that Mrs. Brammer made life unpleasant for her husband. The record is replete with testimony indicating that the wife's persistent criticism and nagging, in addition to her domineering nature, were factors which made life unbearable for Mr. Brammer. The trial court found that under these circumstances "he lost the love he had for his wife and found the company of another woman."

■ It has long been the rule of this Court that where there is sufficient substantial and competent evidence to support the findings of the trial court and such findings are not clearly against the weight of the evidence, the findings are binding on the Supreme Court and will not be disturbed on appeal. Howay v. Howay, 74 Idaho 492, 264 P.2d 691 (1953). The trial judge is the arbiter of conflicting evidence and his determination of the weight, credibility, inferences and implications thereof is not to be supplanted by this Court's impressions or conclusions from the written record. Sellars v. Sellars, 73 Idaho 163, 248 P.2d 1063 (1952); Piatt v. Piatt, 32 Idaho 407, 184 P. 470 (1919). This is so because the trial court has a better opportunity to judge this matter because of

seeing and noting the demeanor of the witnesses. Keezer on the Law of Marriage & Divorce, § 881, p. 877 (3d ed. 1946). It is for these reasons that we do not find that the trial court erred with respect to its finding that appellant's (Mrs. Brammer's) conduct triggered Mr. Brammer's association with the other woman.

■ Appellant next contends that the trial court erred by finding that there was no evidence to substantiate her claim of adultery and in granting her a divorce on the "grounds of extreme cruelty which she never alleged in her cross-complaint." A claim of adultery as a ground for divorce must be set forth with specificity.

"Where adultery is the charge, the essential allegations of the complaint as to the *time, place,* and person with whom the offense was committed should ordinarily be proved as laid." (Emphasis supplied.) 27A C.J.S. Divorce § 122, p. 409.

"If plaintiff [cross-plaintiff, Mrs. Brammer] asserts adultery as a ground for divorce, he or she must prove the adultery." 27A C.J.S. Divorce § 123(4), p. 415.

■ In the case at bar, the appellant, Mrs. Brammer, has neither alleged nor proven a valid claim in adultery. There is lacking in her cross-complaint, both the time and place of the allegedly adulterous act. Further it has long been the rule in Idaho that:

"When the cause of adultery is relied upon for a divorce, such charge should be stated with sufficient definiteness and certainty as to the time and place as will enable the defendant to know what he will be called upon to meet at the trial. 17 Am.Jur. § 336, p. 499; Rice v. Rice, 46 Idaho 418, 267 P. 1076. * * * This court has announced that it is a matter of public policy that divorces, especially on the ground of adultery, should be granted only upon very clear and conclusive evidence. Brown v. Brown, 27

---

3. Findings of Fact II, III, IV, V, made by the trial court.

Idaho 205, 148 P. 45." Leonard v. Leonard, 88 Idaho 485 at 490, 491, 401 P.2d 541 at 544 (1965).

Where adultery is relied upon as the ground for divorce, the specific act must be established by the evidence. Rice v. Rice, 46 Idaho 418, 267 P. 1076 (1928).

■ Appellant asserts that the trial court erred by granting her a divorce on the ground of extreme cruelty, a ground which she did not allege in her cross-complaint. Rule 15(b) I.R.C.P. provides in part that:

"When issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings. * * *"

A review of the evidence adduced at trial discloses that there was ample evidence that Mr. Brammer (plaintiff-respondent) was guilty of extreme mental cruelty. In view of the directive declared by Rule 15 (b) I.R.C.P. (as set forth above), the trial court did not err by granting Mrs. Brammer a divorce on the ground of extreme cruelty of her husband since the issue of Mr. Brammer's cruelty was tried by the implied consent of the parties and thus became a live issue in the case. See 3 Moore Federal Practice, ¶ 15.13[2] at 983 (2d ed. 1968).[4] See also, Lientz v. Wheeler, 113 F.2d 767 (8th Cir. 1940); George Cohen Sons & Co. v. Koch, 376 F.2d 629 (1st Cir. 1967).

■ Appellant lastly maintains that the trial court made an inadequate award of child support, an unjust division of the community property, and placed an undue economic burden upon her since she was required to pay one-half of her husband's attorney's fees. The Court will consider the three contentions together since each is a matter within the sound discretion of the trial court. This Court has repeatedly held that the allowance of child support and the division of community property is a matter within the sound discretion of the trial court. In the absence of a clear showing of an abuse of such discretion, the awards made by the trial court will not be disturbed on appeal. Meredith v. Meredith, 91 Idaho 898, 434 P.2d 116 (1967); Losee v. Losee, 91 Idaho 77, 415 P.2d 720 (1966); Voss v. Voss, 91 Idaho 17, 415 P.2d 303 (1966); Loveland v. Loveland, 91 Idaho 400, 422 P.2d 67 (1967); Nielsen v. Nielsen, 87 Idaho 578, 394 P.2d 625 (1964); and Davis v. Davis, 82 Idaho 351, 353 P.2d 1079 (1960). The record herein does not indicate any abuse of discretion in these respects by the trial court. The record discloses that an equal division of the community property (which has a total value of approximately $100,000) was made. Under the circumstances of the case, the appellant, Mrs. Brammer, has failed to show that the trial court abused its discretion in making an equal division. The trial court awarded child support payments of $75.00 per month for each child until the age of majority. However the record reveals that although Mrs. Brammer indicated that the children's monthly needs were in excess of the amount awarded by the court, such evidence was impeached at trial.

"This court has repeatedly held that the judge who tries the case, and has the parties before him for observation in the light of the evidence, is the one to whom the law commits the determination of this question in the first instance; and this court will not disturb a finding that particular acts constitute grievous mental suffering, unless the evidence in support of the finding is so slight as to indicate a want of ordinary good judgment and an abuse of discretion by the trial court. De Cloedt v. De Cloedt, 24 Idaho 277, 133 P. 664; Riggers v. Riggers, 81 Idaho 570, 374 P.2d 762; Angleton v. Angleton, 84 Idaho 184, 370 P.2d 788." Veach v. Veach, 87 Idaho 237 at 245, 392 P.2d 425 at 429 (1964).

■ Mrs. Brammer contends that the district court should not have considered the attorney's fees which were paid by both

4. I.R.C.P. 15(b) is identical to Rule 15(b) of the Federal Rules of Civil Procedure.

parties in this divorce proceeding as an obligation to be satisfied out of the community property. This in effect, argues Mrs. Brammer, caused her to pay one-half of her husband's attorney fees and caused Mr. Brammer to pay only one-half of her attorney fees. I.C. § 32–704 [5] provides that the court "may" in its discretion require the payment of suit money by the husband to the wife and I.C. § 32–708 [6] provides that the property to execute I.C. § 32–704 shall be first the community property and then the separate property of the husband. I.C. § 32–712(1) states:

> "32–712. Community property and homestead—Disposition.—In case of the dissolution of the marriage by the decree of a court of competent jurisdiction, the community property and the homestead must be assigned as follows:
>
> 1. The community property must be assigned to the respective parties in such *proportions as the court, from all the facts of the case and the condition of the parties, deems just,* regardless of the ground or grounds on which the dissolution decree is rendered. * * *."

It follows therefore that the trial court does have the discretion to provide for the payment of the community debts from the community before the division of the community property between the parties. In this case the trial judge decided that the attorneys' fees of both parties were community debts and were to be satisfied out of the community property before the division. The awarding and method of payment of attorney fees is a matter which rested within the discretion of the trial court. Wilson v. Wilson, 81 Idaho 375, 341 P.2d 894 (1959); Voss v. Voss, *supra.* There was no abuse of discretion by the trial court and the determination by the trial court is not improper.

Judgment affirmed. Costs to respondent.

McFADDEN, C. J., and McQUADE, SHEPARD and SPEAR, JJ., concur.

---

5. "32–704. Allowance of support and suit money.—While an action for divorce is pending, the court may, in its discretion, require the husband to pay as alimony any money necessary to enable the wife to support herself or her children, or to prosecute or defend the action."

6. "32–708. What property liable—In executing the four (4) preceding sections the court must resort, first, to the community property, then to the separate property of the husband."