497 P.2d 321

**Allan G. SHEPARD, Plaintiff-Respondent,**

v.

**Beverly J. SHEPARD, Defendant-Appellant.**

No. 10949.

Supreme Court of Idaho.

May 19, 1972.

Marcus & Marcus, Boise, for appellant.

Elam, Burke, Jeppesen, Evans & Boyd, Boise, for appellee.

BAKES, Justice.

This is an appeal from a judgment of the Fourth Judicial District Court entered April 6, 1971, in a divorce action brought by respondent Allan G. Shepard against appellant Beverly J. Shepard.

After an extended trial, the trial court awarded a divorce to both appellant and respondent; made a division of the com-

munity property; granted custody of the minor son to respondent-husband and the minor daughter to appellant-wife; allowed appellant-wife $100 a month for the support and maintenance of the minor daughter; and awarded appellant-wife $200 a month permanent alimony. Appellant raises six assignments of error alleged to have been committed by the trial court.

First, appellant contends that the trial court erred in granting a divorce to both parties, claiming that only she had proven grounds for divorce. In this regard the trial court found that "each party during their marriage has inflicted grievous mental suffering upon the other." (Finding of Fact II.) Based upon that finding the court entered its conclusion of law that "each of the parties is entitled to a divorce from the other." This court, in Meredith v. Meredith, 91 Idaho 898, 434 P.2d 116 (1967), and Davis v. Davis, 82 Idaho 351, 353 P.2d 1079 (1960), noted that the trial court is entitled to award a divorce to both parties to a marriage where both have been guilty of extreme cruelty. We have reviewed the record at great length and find that there is substantial and competent evidence to support this conclusion of the trial court and therefore it will not be disturbed on appeal. As stated in Brammer v. Brammer, 93 Idaho 671, 674, 471 P.2d 58, at 61 (1970):

> "It has long been the rule of this Court that where there is sufficient substantial and competent evidence to support the findings of the trial court and such findings are not clearly against the weight of the evidence, the findings are binding on the Supreme Court and will not be disturbed on appeal. Howay v. Howay, 74 Idaho 492, 264 P.2d 691 (1953). The trial judge is the arbiter of conflicting evidence and his determination of the weight, credibility, inferences and implications thereof is not to be supplanted by this Court's impressions or conclusions from the written record. Sellars v. Sellars, 73 Idaho 163, 248 P.2d 1063 (1952); Piatt v. Piatt, 32 Idaho 407, 184 P. 470 (1919). This is so because the trial court

has a better opportunity to judge this matter because of seeing and noting the demeanor of the witnesses. Keezer on the Law of Marriage & Divorce, § 881, p. 877 (3d ed. 1946)."

The appellant next assigns as error the trial court's division of the community property alleging that more than one half of the community property was awarded to respondent and, further, that the court erred in failing to award more than one half of the community property to appellant. The trial court made what it felt to be a substantially equal division of the community property by giving appellant-wife the household furnishings and the 1969 Mercury owned by the parties, which property was free of encumbrances, and awarding respondent-husband the 1968 Buick, his vested retirement in the Idaho Public Employees' Retirement System, and two insurance policies. The 1968 Buick and the insurance policies were encumbered to secure loans. The family home was ordered sold and the proceeds were to be applied first against community indebtedness (except the indebtedness against the property awarded to respondent) and the remainder to be divided equally between the parties. Cf. Davis v. Davis, supra. An exact mathematical division of property is neither required nor likely to be obtained when different items of personal property are divided between the parties. The division of the property in this case was substantially equal, and such a division has long been supported by the decisions of this court. Meredith v. Meredith, 91 Idaho 898, 434 P.2d 116; Saviers v. Saviers, 92 Idaho 117, 438 P.2d 268 (1968); Brammer v. Brammer, supra; Davis v. Davis, supra. The division of community property is a matter within the sound discretion of the trial court and, in the absence of a clear showing of abuse of such discretion, the award will not be disturbed on appeal. I. C. 32–712; Brammer v. Brammer, supra; Davis v. Davis, supra.

In order to provide for the payment of community debts, the trial court ordered the mortgaged community home

sold, with any net proceeds to be divided equally between the parties. The fact that respondent was allowed 90 days to effect and account for the sale before a receiver would be appointed by the court to sell the property was apparently an effort by the trial court to avoid any additional expense in liquidating the property and was a reasonable exercise of the court's equitable powers. *See* Davis v. Davis, *supra;* Nichols v. Nichols, 84 Idaho 379, 372 P.2d 758 (1962). I.C. 32–713. Huskinson v. Huskinson, 92 Idaho 920, 453 P.2d 569 (1969). No error was committed by the trial court.

█ Appellant's next assignment alleges that the district court erred in limiting the temporary allowances to the appellant-wife during the pendency of the trial, and erred in making no adjustments for appellant's costs. The award of temporary allowances is authorized by I.C. 32–704, but that section explicitly provides that the making of the award is committed to the discretion of the trial court. Wyatt v. Wyatt, 2 Idaho 236, 238, 10 P. 226 (1886); *See* Embree v. Embree, 85 Idaho 443, 452, 380 P.2d 216 (1963); Taylor v. Taylor, 33 Idaho 445, 196 P. 211 (1921). The court terminated the temporary allowances when appellant obtained full time employment with the Idaho Legislature. In the absence of any factual showing that the wife is unable to finance the litigation or support herself, which would indicate that the trial court's amount of such award was an abuse of discretion, the rulings of the trial court will not be disturbed on appeal. *E. g.,* Turner v. Turner, 90 Idaho 308, 317, 410 P.2d 648 (1966). There being no abuse of discretion by the trial court, we find no error in the amount of the temporary award or the lack of adjustment for costs.

The final assignments of error will be considered together in view of their intertwining nature. The appellant alleges that the trial court abused its discretion in allowing only $100 per month child support, $200 per month permanent alimony, and that the court erred in overruling appellant's objections to its findings of fact and

conclusions of law, and further erred in refusing to amend or supplement its findings to make them more explicit. In interpreting Rule 52(a) of the Idaho Rules of Civil Procedure this court stated, in Clements v. Clements, 91 Idaho 732, 430 P.2d 98, at 101 (1967):

> "The purpose of required findings of fact and conclusions of law is to aid the appellate court by affording it a clear understanding of the basis of the decision of the trial court. The absence of findings may be disregarded by the appellate court if the record is so clear that the court does not need their aid for a complete understanding of the issues. Call v. Marler. 89 Idaho 120. 403 P.2d 588."

In view of the foregoing authorities, the trial court did not commit error in refusing to make detailed evidentiary findings.

█ However, one finding of the trial court does appear to be unsupported by the evidence in the record. In Finding of Fact IX, the trial court found that the sum of $100 per month was a reasonable sum for the plaintiff to pay for the support of the minor child, Ann, until she reaches the age of majority or is otherwise emancipated. Both parties testified to a higher amount as reasonably required for child support, the range of said testimony being between $150 and $250 per month. Any award of less than $150 per month for child support would not be supported by the evidence. Finding of Fact IX must be set aside.

█ Regarding the alleged error in allowing only $200 per month alimony, it is well settled in Idaho law that alimony is not awarded to the wife as a matter of right, but only at the discretion of the trial court. Saviers v. Saviers, 92 Idaho 117, 438 P.2d 268 (1968). Such an award is proper in such amount as the trial court deems just whenever the husband is not free from fault, and the wife's fault, though possibly sufficient to allow a divorce in favor of the husband, is not so grievous as to mandate a denial of alimo-

ny. I.C. 32–706. *See* Good v. Good, 79 Idaho 119, 311 P.2d 756 (1957). In ascertaining whether a given alimony award is just, the current philosophy of this court can be characterized as one of due consideration of the correlative needs and abilities of both parties. *See* Saviers v. Saviers, *supra*; Brammer v. Brammer, *supra*; Losee v. Losee, 91 Idaho 77, 415 P.2d 720 (1966). Based upon the circumstances of the parties at the time of the judgment, regarding their relative incomes and ability to earn income, the trial court found that the appellant wife was a college graduate with a bachelor's degree, had taken additional courses in education at Boise State College, had worked during the early years of their marriage and had worked at certain part time jobs with the Idaho Legislature and in census work. The court found for the purposes of determining any need of the appellant for alimony that she was capable of earning between $400 and $500 per month net pay at some regular employment. The trial court's determination was based upon the facts which existed at the time of entry of the divorce decree and as of that time is amply supported by the record.

However, appellant properly points out that effective July 1, 1971, respondent's salary as an elected Supreme Court justice was increased by the Idaho State Legislature by an additional $4,400 per year. Evidence of this fact was before the trial court, and at the conclusion of the trial appellant objected to the trial court's finding of the respondent's present income and requested the court to enter a finding reflecting the legislative increase which would have gone into effect on July 1, 1971. The trial court refused to enter such a finding. We are of the opinion that this was error. At the time of the trial in March, 1971, the salary increase was an established fact, even though the effective date of the increase was not until July 1, 1971. We think the trial court should have considered that increase, for whatever effect it may have had upon the award of alimony and child support. Because of the refusal to make the finding of fact we can only assume that the trial court did not consider the increase in arriving at the alimony and child support figures.

The judgment of the trial court in granting a divorce to both appellant and respondent (paragraph I of Judgment), in splitting the custody of the children and granting visitation rights to both (paragraphs II and III of Judgment), and in dividing the community property and paying the community debts therefrom (paragraph VI and VII of Judgment) is in all respects affirmed.

The award of child support and alimony (paragraphs IV and V of Judgment) is remanded to the trial court with instructions to amend Findings of Fact V to reflect the increase in salary as of July 1, 1971, and to consider said increase for whatever effect it may have upon the award of child support and alimony, and enter a new order for permanent alimony and child support in an amount which the trial court, in its discretion, deems just, considering all the facts, including the salary increase.

Costs to appellant as advanced by respondent, pursuant to the trial court's order.

TOWLES, DUNLAP, MAYNARD and BEEBE, D. JJ., concur.