501 P.2d 1059

**Jamie L. McNETT, Plaintiff-Respondent,**

**v.**

**Ethel M. McNETT, Defendant-Appellant.**

**No. 10873.**

Supreme Court of Idaho.

Oct. 10, 1972.

**60**

Denman & Reeves, Idaho Falls, for appellant.

Holden, Holden, Kidwell, Hohn & Crapo, Idaho Falls, for respondent.

DONALDSON, Justice.

This is an appeal from a judgment entered in a divorce action brought by respondent Jamie L. McNett against appellant Ethel M. McNett, and from an order denying the appellant's request for attorney's fees on appeal. The trial court awarded a divorce to both parties; made a disposition of community property; granted custody of their minor daughter to the appellant-wife; ordered the respondent-husband to pay child support in the amount of $125 monthly, in addition to life insurance premiums and medical, dental, and optical expenses; awarded appellant-wife $75 a month temporary alimony (for a period not to exceed one year) while she was completing a secretarial course; ordered the respondent-husband to pay for the appellant-wife's costs on appeal, within a reasonable time after notice of the amounts thereof had been received; and deferred to this Court the appellant-wife's request for attorney's fees on appeal. The appellant objects to all of the actions taken by the trial court, except for the decision granting her custody of the minor child.

In his brief, the respondent contends that this appeal should be dismissed because the appellant (1) failed to file the praecipe or the order for the reporter's transcript within five days of the filing of the notice of appeal, and also (2) failed to serve her brief within thirty days after the filing of the record on appeal. Dismissal for noncompliance with the rules of appellate procedure is discretionary with this Court and in the absence of prejudice will not be granted. Bistline v. Eberle, 88 Idaho 473, 401 P.2d 555 (1965). The respondent has not only failed to make a motion to dismiss the appeal, as required by Supreme Court Rule 33, but he has also failed to show that he was hampered in preparing his brief or in presenting his case by the appellant's failure to perfect her appeal on time; hence, respondent's request to dismiss the appeal is denied.

The appellant contends that the district court erred in granting a divorce to both parties, since only she had proved grounds for divorce. A divorce may be awarded to both parties to a marriage where both have been guilty of extreme cruelty. Shepard v. Shepard, 94 Idaho 734, 497 P.2d 321 (1972); Meredith v. Meredith, 91 Idaho 898, 434 P.2d 116 (1967). Having reviewed the record in this case, we conclude that there is substantial and competent evidence to support the challenged finding and, therefore, it will not be disturbed on appeal. Shepard v. Shepard, supra; Brammer v. Brammer, 93 Idaho 671, 471 P.2d 58 (1970). Similarly, the court's award to respondent Mr. McNett of the two rifles claimed by the appellant is supported by substantial, competent evidence and, thus, will also be affirmed.

In regard to the trial court's provision for temporary alimony, the appellant challenges both the amount awarded and the limited duration thereof. She claims that the trial court erred in failing to award her more than $75 monthly as alimony, and in limiting alimony to the period during which she was a student enrolled in a particular course of study. It is the set-

tled rule in Idaho that alimony is not awarded to the wife as a matter of right but only at the discretion of the trial court. Shepard v. Shepard, *supra*; Saviers v. Saviers, 92 Idaho 117, 438 P.2d 268 (1968); Loveland v. Loveland, 91 Idaho 400, 422 P.2d 67 (1967); Losee v. Losee, 91 Idaho 77, 415 P.2d 720 (1966). In ascertaining whether permanent alimony should be awarded, and if so, the amount thereof, the correlative needs and abilities of both parties must be considered. Applying this standard to the case at bar, we find that the refusal to award the appellant permanent alimony was not an abuse of discretion; similarly, the amount awarded as temporary alimony was within the discretion vested in the trial court.

The appellant further contends that the trial court erred in awarding inadequate child support, in dividing the community property inequitably, and in requiring the appellant to satisfy the encumbrance on the "family residence." These three issues will be considered together, since each is a matter within the sound discretion of the trial court. This Court has repeatedly held that the allowance of child support, the division of community property, and the provision for payment of community debts are all subject to the sound discretion of the trial court; and in the absence of a clear showing of an abuse of such discretion, the trial court's determination of these matters will not be disturbed on appeal. Brammer v. Brammer, *supra*, 93 Idaho at 675–676, 471 P.2d 58; see, e. g., Meredith v. Meredith, *supra*; Loveland v. Loveland, *supra*; Voss v. Voss, 91 Idaho 17, 415 P.2d 303 (1966). The record herein indicates that the trial court acted within its legal discretion in regard to the amount of child support awarded, the allocation of community debts, and the *amount* of community prop-

erty awarded to each party. However, the appellant also complains because the trial court "left the parties 'married' to each other" by making them tenants in common in each of their two homes. We agree with the appellant that the trial court abused its discretion by dividing these items of community property in this *form*. Although the best interests of the parties may sometimes require otherwise, ordinarily the trial court should divide the community property in a manner which gives each spouse the sole and immediate control of his or her determined share. Lawson v. Lawson, 87 Idaho 444, 394 P.2d 1008 (1964); Jackson v. Jackson, 87 Idaho 330, 393 P.2d 28 (1964); Largilliere v. Largilliere, 50 Idaho 496, 298 P. 362 (1931). In general, tenancy in common ownership is inconsistent with the severance of an interpersonal relationship, which it is the object of a divorce decree to achieve. Although this Court has the statutory power to revise all particulars of the community property disposition made by the lower court (I.C. § 32–714), we think that in this case it would be more appropriate to remand the case so that the district court may hear any further evidence the parties may desire to submit on the issue of how these homes should be divided between the parties. In this regard, we emphasize that we do not agree with the appellant's further contention that both residences should be awarded to her exclusively. Reallocation of responsibility for satisfying the encumbrances on these parcels may or may not be appropriate, depending upon the ultimate disposition made by the district court.

The appellant's next contention is that the trial court erred in deferring to this Court a decision on the question of whether the respondent-husband should be required to pay for the appellant-wife's attorney's fees on appeal.[1] With this con-

---

1. The appellant also contends that the trial court erred in failing to require that her husband pay for her *costs* on appeal *in advance*. The record does not, however, support the appellant's position that the court did not, in fact, require advance

payment of such costs (all of which have now been paid by the respondent). The trial court ordered the respondent-husband to "pay, within a reasonable time upon receipt of notice of the amounts thereof, all the defendant's [wife's] court

tention we agree. In deferring to this Court the question of attorney's fees on appeal, the district court neglected to exercise the discretion vested in it by I.C. § 32–704, which provides:

> *"Allowance of support and suit money.–*While an action for divorce is pending, the court may, in its discretion, require the husband to pay as alimony any money necessary to enable the wife to support herself or her children, or to prosecute or defend the action."

Long ago, this Court, in interpreting this section, stated:

> "We think the 'court' referred to in section [32–704] is the district court, in which such actions are originally commenced, and that it is the intention of our statute to give to the trial court the jurisdiction to grant alimony and suit money so long as the action is pending, whether in the trial court or upon appeal. *The trial judge is in a better position than this court to know the amount of money necessary for the payment of costs and disbursements in the prosecution of an appeal and the ability of the husband to meet such requirements.* He knows all the facts in the case, and the situation and condition of the parties. If we should hold that so soon as a notice of appeal is filed and served in such cases that application for suit money and attorneys' fees must thereafter be originally made in this court, it would result in turning the supreme court into a trial court in such matters; for the reason the record in such case would not be before the appellate court, and in order to apprise it of the facts in the case and the condition of the parties and the ability of the husband to comply with such order as might be made, it would be necessary to have affidavits from both of the respective parties made and filed in this court, and such investigation and determination made here as would be origi-

nally made by the trial judge." Roby v. Roby, 9 Idaho 371, 374, 74 P. 957, (1903) (emphasis added).

This reasoning is equally applicable to the case before this Court today. Other cases have recognized that the question of costs and attorney's fees on appeal is one committed in the first instance to the discretion of the trial court. Tolman v. Tolman, 93 Idaho 374, 461 P.2d 433 (1969); Losee v. Losee, *supra*, 91 Idaho at 79, 415 P.2d 720; Brashear v. Brashear, 71 Idaho 158, 165, 228 P.2d 243 (1951); Enders v. Enders, 34 Idaho 381, 384, 201 P. 714 (1921). In this case, the trial court failed to exercise this discretion. Therefore, on remand the district court should consider and decide whether the respondent should be required to pay for the appellant's attorney's fees on appeal.

Finally, in the argument portion of her brief, the appellant suggests that the district court acted arbitrarily and capriciously in awarding her only $400 attorney's fees for trial of the action in district court; however, this matter was not specifically assigned as error, and for that reason will not be reviewed on appeal. State v. Segovia, 93 Idaho 594, 468 P.2d 660 (1970); Bolen v. Baker, 69 Idaho 93, 203 P.2d 376 (1949); State ex rel. Haworth v. Berntsen, 68 Idaho 539, 200 P.2d 1007 (1948); State v. Emory, 55 Idaho 649, 46 P.2d 67 (1935).

The judgment of the trial court is affirmed in all respects, except for that portion making the parties tenants in common in each of their two homes, which is reversed. The order deferring to this Court a decision on attorney's fees on appeal is also reversed. The cause is remanded for further proceedings consistent with the views expressed herein.

Costs to appellant.

McQUADE, C. J., and McFADDEN, SHEPARD and BAKES, JJ., concur.

---

costs incurred *or to be incurred* in the prosecution of the appeal herein \* \*." Emphasis added. By its own terms, this order appears to require advance payment of appellate costs to be incurred,

upon notice thereof; if the respondent did not comply with the terms of the court's order, the appellant should have requested appropriate relief from the district court.