509 P.2d 1312

**Marvin L. WYATT, Plaintiff-Respondent,**

v.

**Pearl H. WYATT, Defendant-Appellant.**

No. 10945.

Supreme Court of Idaho.

May 14, 1973.

Reginald R. Reeves, Denman & Reeves, Idaho Falls, for defendant-appellant.

Roger D. Cox, Idaho Falls, for plaintiff-respondent.

BAKES, Justice.

Plaintiff-respondent Marvin L. Wyatt and defendant-appellant Pearl H. Wyatt were married at Elko, Nevada, on August 24, 1968. Both of the parties had been married previously, and both of their prior spouses were deceased. They both had families by their prior marriages, the husband's children by the prior marriage being adults at the time of the second marriage. At the time of the marriage in question appellant wife was forty-three years of age, and respondent husband was fifty-eight years of age.

The marriage lasted only approximately nine months before the parties had serious marital problems, and on June 30, 1970, less than two years after the marriage, and after several separations, Mr. Wyatt, respondent herein, filed a complaint alleging cruelty and prayed that the bonds of matrimony be dissolved. Appellant counterclaimed for a divorce and prayed for $200 monthly support, attorneys fees and for an order restraining respondent from harming or molesting her.

On March 17, 1971, the trial court, having sat without a jury, granted a divorce to the wife; denied any alimony, although some support had been awarded during the course of the proceedings; granted a total of $275 attorneys fees to the wife in the course of the trial proceedings; and divided the community property substantially equally, although the wife appears to have

**392**

received a slightly greater portion of the limited amount of community property. The primary dispute regarding the property was over the division of the motor vehicles. The trial court awarded appellant wife, as her separate property, the 1968 GMC pickup truck and camper, which had a market value of approximately $3,100, and which was subject to an encumbrance in the amount of $1,787.71, which the wife was required to assume. Respondent husband was awarded the 1970 Chevrolet pickup which had an equity of approximately $400. The court also awarded respondent a stereo tape component which had been removed from the GMC pickup and camper. This stereo component system had been given to respondent husband as a gift by his adult son in California. It appears the major part of the controversy arose over the fact that the removal of the speakers of the stereo from the camper left large holes in the paneling of the camper.

Appellant appeals from the trial court's judgment alleging that the trial court erred in failing to require respondent to provide appellant alimony, in failure to award reasonable attorneys fees, objecting to the division of the community property, failure to require respondent husband to assume the encumbrance on the GMC pickup truck and camper, failing to require respondent husband to replace the stereo component and speakers which he had removed from the GMC pickup truck, failure to require respondent husband to advance costs on appeal, and failure to award appellant attorneys fees on appeal.

■ It is well established in this jurisdiction that the division of community property and awarding of attorneys fees are matters which rest in the sound discretion of the trial court. Brammer v. Brammer, 93 Idaho 671, 471 P.2d 58 (1970); I. C. § 32–712; I.C. § 32–704. The appellant wife has received more than 50% of the community assets which were accumulated during the course of this short marriage, and in our opinion the trial court made more than adequate provision for her. No useful purpose would be served by detailing at great length the evidence in support of the findings. Suffice it to say they were adequately supported by competent evidence and will not be disturbed by this Court on appeal.

■ It is also well established that alimony is not awarded to the wife as a matter of right, but only at the discretion of the trial court after a showing of need and correlative ability to pay. McNett v. McNett, 95 Idaho 59, 501 P.2d 1059 (1972); Saviers v. Saviers, 92 Idaho 117, 438 P.2d 268 (1968). We have examined the record at length and find that each of the actions of the trial court is supported by competent and substantial evidence. Therefore the findings of the trial court will not be disturbed on appeal. Brammer v. Brammer, *supra*; Leonardson v. Moon, 92 Idaho 796, 451 P.2d 542 (1969).

The judgment of the district court is affirmed. Costs to respondent. No attorneys fees allowed on the appeal.

DONALDSON, C. J., and SHEPARD, McQUADE and McFADDEN, JJ., concur.